The opinion of the court was delivered by
Tilghman, C. J.
This is a case stated, relating solely to the remedy which the prothonotary of this court has for the recovery of his fees. The party for whom the services are done, is responsible for the fees, and to him is the officer to look. When judgment is obtained and an execution issued, it has been usual for the sheriff to pay to the several officers the fees due to them in the suit. But the prothonotary has no right to order the execution to be issued, because' no judgment was rendered for him. When the plaintiff obtains judgment, he may issue an execution or not, at his pleasure. But if he will not do it, the officer may have recourse to him for the fees due from him. If it be asked, in what manner this recourse is to be had, the answer is, that fees are recoverable like other debts. Where the amount does not exceed one hundred dollars, an action may be brought before a justice of the peace. The fees are not chargeable to the attorney of the party for whom the services are done, unless he has become security for the costs.
Where the defendant in the court below becomes plaintiff in error, and the judgment is affirmed, the prothonotary of the Supreme Court must look to the plaintiff in error for his fees, and cannot have recourse to the plaintiff below, because the services were not done for him. So where the plaintiff in the court below becomes plaintiff in error, and the judgment is affirmed, to him, and him only, must the prothonotary look for his fees.
Where the plaintiff in error is subject to the costs in the Supreme Court by the affirmance of the judgment, and is insolvent, the prothonotary of the Supreme Court cannot have recourse to the securities in the recognizance entered into on the suing out of the writ of error, because he is no party to that recognizance. But where suit is brought on such recognizance, it is presumed that the judges of the court on which it is brought, on application to the officers to whom fees are due, will take care that the fees, so far as 'they are covered by the recognizance, shall be secured.
Where the judgment is reversed in the Supreme Court, and no venire'facias de novo awarded, the prothonotary of the Supreme Court cannot recover- his fees, by directing the prothonotary of the *102 inferior court to issue an execution therefor, because he has no judgment to warrant such an execution. But his recourse must be to the plaintiff in error, for whom he performed the services on ■ which the fees were due. The truth is, that prothonotaries are placed in a hard situation. They are obliged to perform the services demanded of them in suits depending, and yet, as was decided in Lyon, &c. v. M'Manus, (4 Binn. 167,) they cannot (with a few exceptions) maintain an action for the fees until the suit is ended, before which it often happens that both plaintiff and defendant are insolvent. In some of the other states, summary remedy is given by law, for officers’ fees. It is believed, that scarce any where are prothonotaries so unprotected as in Pennsylvania. But it is not for this court to alter the law. The principles which I have laid down, have been established by ancient usage and practice. They embrace all the points submitted in the case stated. It is the opinion of this court, that on all those points the Court of Common Pleas was right, and therefore the judgment should be affirmed.
Judgment affirmed.