## MARTIN WIRES *vs.* WM. P. BRIGGS.

An Attorney who places his name as such on the back of a writ which he delivers to an officer to serve, does not *thereby* make himself liable for the officers fees.

‡ Dictum. Where an officer has been accustomed to make charges to an attorney for services of clients writs delivered by said attorney, who had previously settled such charges without questioning their legality, the law may imply a promise to pay subsequent charges of a similar nature.

This was an action on Book account, and from the auditors report the following facts appeared. That the defendant was an attorney, and prayed out, two writs from a Justice of the Peace, in favor Lansing King, against David Wilcox, upon which his name as an attorney for said King was indorsed; that he placed the writs in the hands of said King, who inclosed them in a letter to H. Stowell of Cambridge, requesting him to hand them to a legal officer to serve and return; that said Stowell delivered them to the plaintiff a Sheriff's deputy, by whom they were legally served and returned; that judgments were rendered in the suits, and executions issued, upon which the defendants name was indorsed in the same manner as upon the writs, and came to the hands of the plaintiff through the same channel of communication, by whom they were legally served and returned; and that in each case the plaintiff charged his fees to the defendant. From these facts the plaintiff contended that the defendant was liable for the fees charged him aforesaid. The auditor allowed them to the plaintiff, and upon a reference of his report to the County Court his decision was confirmed. But exceptions being taken to this judgment of the County Court by the defendant, the case now comes here for a final adjudication.

BAYLIES, J.—The law respecting principal, and Agent is applicable to this case. " In general where a man is known to act merely as an agent, where the principal is known, and there is no express engagement by the agent, nor circumstances from which it may be inferred that the credit is given to him, the rule is, that the agent, though the person immediately making the contract, is not subject to personal responsibility. It is laid down by very old authority, that if a servant by express words do not bind himself, if the thing come to the use of his master, he is not liable at all. No rule of law, it has been said, is better ascertained, or stands upon a stronger foundation than this, that where an agent names his principal, the principal is responsible, and not the agent. Paley on Agency 289. A lawyer by endorsing his name as an attorney on the back of a writ, which he delivers to an offiofficer to serve, does not thereby make himself liable to such officer for his fees : By the endorsement he makes it known to the officer, and to all other persons concerned, that he acts as agent, or attorney of the plaintiff, who is principal, and liable for fees. From the endorsement on the writ, the law does not imply a promise on the part of the lawyer, that he will pay the officer his fees for service. This point was decided by this Court in *Washington County*, March Term, 1826, in the case of *Hutchinson & Cushman* vs. *Frederick Richardson* in Error. And that decision must be the rule to govern us in this case, notwithstanding the New York cases, which are referred to by plaintiffs counsel in 5 J. R. 252 ; and 9 J. R. 114. It is true, that in some cases the law may imply a promise on the part of a lawyer to pay fees for the services of client's writs ; as where the officer had been in the constant practice of charging his fees for such services to the lawyer, who from time to time, had settled such charges without questioning their legality :—from such practice the law may imply a promise to pay for subsequent services. But in the case at bar, there is no evidence, that such practice existed between the parties before the plaintiff made his charges on book against the defendant. And as there is nothing in the case from which the law can infer a promise on the part of the defendant to pay the plaintiff his fees

charged on book against the defendant; and as there was no express promise to that effect, the judgement of the County Court for the plaintiff is reversed; and judgement is rendered by this Court, that the defendant recover his costs.

Wires
*vs.*
Briggs.

*Hubbell & Stowell*, for plaintiff.

*Hunt & Beardsley*, for defendant.