## MARVIN PRESTON *v.* STEPHEN H. PRESTON.

The attorney of record cannot be made personally liable to the clerk of the court for his fees, for services rendered on behalf of the client in the progress of the cause, unless upon proof of his express promise to pay them, or of some practice, or course of dealing, between him and the clerk, from which such personal promise can be implied.

THIS was an action of *assumpsit*, brought by the plaintiff in the Calhoun Circuit Court, to recover certain fees due him for services rendered as clerk of that court. Plea, general issue. On the trial before the Hon. E. RANSOM, Presiding Judge, the plaintiff offered to prove that, as clerk of the court, he rendered the services for which the fees were claimed, in causes which were prosecuted and conducted in that court by the defendant as the attorney of record, and that, as to some portions of the services, the defendant applied to the plaintiff and procured them to be rendered. But no evidence was offered of any express agreement by the defendant to pay for the services, or of any course of dealing between the parties from which such an agreement could be implied. It was objected by the defendant that this evidence was insufficient to entitle the plaintiff to recover, and, the objection being sustained by the court, the plaintiff submitted to a nonsuit, with leave to move to set the same aside. A motion to set the nonsuit aside was afterwards made, and the questions arising upon the motion were reserved by the Presiding Judge for the opinion of this Court thereon.

*A. Pratt*, for the plaintiff.

*V. L. Bradford*, for the defendant.

FELCH, J. delivered the opinion of the Court.
This case involves the inquiry as to how far an attorney

of record in a cause, is liable to the clerk of the court for his fees, for services rendered on behalf of the client whom he represents.

By the Revised Statutes, (R. S. 418, § 8,) original writs are required to be endorsed by the attorney for the plaintiff before service.   This seems intended merely as a matter of convenience.   No provision of law has annexed to it any legal liability.   When the plaintiff is a non-resident, the writ is required to be endorsed by some sufficient person, who is an inhabitant of the state, and such endorser is made liable, under certain restrictions, for such costs as shall be awarded against the plaintiff.   We are aware, however, of no statutory provision imposing on the attorney, as such, the payment of the costs, either of the opposite party, or of his own client.

The law has imposed upon attorneys certain duties and liabilities, given them certain privileges and imposed certain disabilities.   These, however, are said to be for the sake of the court and the suitors in it.   Grah. Pr. 37.   No principle of law has imposed upon the attorney an absolute liability to pay for services rendered or expenses incurred by third persons, for the client, in the progress of the cause.   In conducting the suit, so far as third persons are concerned, the attorney is simply the agent of his client.   The rule of law is well settled, that an agent does not become personally liable, unless his principal is unknown, or there is no responsible principal, or the agent exceeds his powers, or becomes liable by an undertaking in his own name.   From the very nature of the business done by the clerk of the court in the progress of a suit, he has before him a knowledge of the principal for whom the attorney acts, and that the latter acts only in his capacity of attorney.   The statute fixes the amount to be paid to the clerk for the services required of him.   He may refuse to perform any of those services until he re-

ceives his pay, or a personal promise by the attorney to pay him. If, however, the clerk performs the services without requiring immediate payment, or a personal undertaking by the attorney to pay him, the credit must be understood to be given to the client, and not to the attorney. I have been unable to find any direct adjudication upon this question, but, in *Robbins* v. *Bridge*, 3 Mees. & Welsby, 114, where an attempt was made by a witness who was subpœnaed in a cause by the attorney, to make the latter liable for his expenses, the court held that he was not personally responsible. And in *Hartop* v. *Juckes*, 2 Maule & Selw. 439, the action was brought against the defendant, a solicitor in chancery, for services performed by the plaintiff as a messenger, under certain commissions of bankruptcy, in which he had been employed by the defendant. But the court denied his liability, and were of opinion that the solicitor was not to be regarded in general as a principal—that the messenger was aware that he was not the principal, and, upon the opening of the commission, might ascertain who was the petitioning creditor—and, though the solicitor was the medium through which it was convenient to the messenger to receive his bill of fees, that would not make him principal.

We do not intend to say that an attorney can, in no case, be made personally liable to the clerk for his fees, without proof of an express promise to pay them in each particular instance. If it should be shown that the clerk had uniformly refused credit to the client—that the attorney had been in the habit of paying such bills—that the clerk had repeatedly given him credit on his personal assumption—that there had, indeed, been any course of dealing between the parties, which would warrant the inference that it was the mutual understanding between them, that the credit should be given to the attorney, and not to his client, the attorney would be held personally liable. From

such facts, his promise to pay might be fairly implied. We apprehend that it is upon the ground of the existence, in some of the states, of some general custom, practice or course of dealing, from which it may be inferred that the credit is given to the attorney, instead of his client, that the liability of the attorney is there understood to exist. We are not aware of the existence in this state of any such general custom or course of dealing between clerks and attorneys.

We are therefore of opinion, that the attorney of record is not liable *in all cases* for services rendered by the clerk in the progress of a cause, nor even in all cases where he applies to the clerk and procures the services to be rendered; but that, in order to charge the attorney with the fees for such services, the plaintiff must prove, either an express promise to pay, or such custom, course of dealing, or understanding of the parties, as raises the legal presumption of a personal promise to pay.

The nonsuit below was therefore properly entered, and it must be so certified to the Circuit Court.

*Certified accordingly.*