## DOUGHTY v. PAIGE.

1. **Attorney**: CONTRACT: CUSTOM. The custom of the attorneys of a cer-tain county to hold themselves responsible for sheriffs' fees, in cases wherein they were employed, did not subject an attorney to lia-bility therefor, in the absence of an express agreement, or of proof that the attorneys were accustomed to pay for such services regard-less of the responsibility of their clients.

2. ————: PRINCIPAL AND AGENT. The fact that the attorney con-tracted for such services did not render him liable, since he made the employment in the capacity of agent of his client.

*Appeal from Pottawattamie District Court.*

THURSDAY, JUNE 6.

THE plaintiff was formerly sheriff of Pottawattamie county, and, as such officer, served notices and performed other ser-vices in cases pending in the District and Circuit Courts for persons for whom the defendant was acting as attorney. The petition avers that the plaintiff's fees for such services were charged to the defendant; that he consented thereto, and prom-

ised to pay the same; that it was customary to charge such fees to attorneys, of which custom the defendant was informed. There was a trial without a jury, and judgment for defendant. Plaintiff appeals.

*Sapp & Lyman,* for appellant.

*G. A. Holmes,* for appellee.

ADAMS, J.—I. The plaintiff was examined as a witness in his own behalf, and his counsel asked him, among other ques-

1. ATTORNEY: contract: custom.

tions, the following: "State whether or not it was generally customary among the attorneys of the Pottawattamie county bar, at that time, to become responsible to you for fees in cases in which they were attorneys?" To this question the defendant objected as immaterial, and the objection was sustained. In our opinion the question was immaterial. We think that the defendant would not have been bound by such custom if it had been proven. If the attorneys at that bar were accustomed to become responsible for fees, within the meaning of the question as we understand it, it was because they expressly so contracted. But a custom on the part of certain individuals to make certain express contracts would not establish an implied contract. Acts may be interpreted in the light of custom for the purpose of raising an implied contract, and a contract, whether express or implied, may be interpreted in the light of custom, for the purpose of determining its nature or extent, where they would otherwise be doubtful; but this, we believe, is about the extent of the office of custom.

But plaintiff claims that, aside from the custom on the part of the Pottawattamie county attorneys to agree to become responsible for sheriffs' fees, there was a custom of paying sheriffs independent of an express agreement, and that the evidence so shows. It is urged, therefore, that the defendant's acts in employing him, interpreted in the light of such custom, raised an implied contract to pay him. Before we

Doughty v. Paige.

could hold that the defendant's, acts had that effect, it should be made to appear to us, at least, that the attorneys were accustomed to pay, not only in the absence of an express agreement, but regardless of the responsibility of their clients, and whether they had money in their hands or not, belonging to their clients, and that such practice was uniform and of long standing. The evidence introduced falls short of this.

II. The plaintiff further claims that there was an express agreement by the defendant to become responsible. On this point the evidence is conflicting, and if we should concede that the preponderance is in favor of plaintiff, as his counsel claim, it would not justify us in disturbing the judgment.

III. In further support of plaintiff's claim, our attention is called to section 3837 of the Code, which is in these words: 2. ———: principal and agent. "When no other provision is made therefor, the party requiring any service shall pay the fees therefor, upon the same being rendered, and a bill of particulars being presented, if required." It is claimed that where a sheriff renders service for a litigant upon the requirement of his attorney the attorney is the party requiring the service. It appears to us, however, that the attorney is merely the agent of the party requiring the service, and, his agency being known, he cannot, according to well established rules of law, be held liable in the absence of an express contract to that effect. In *Judson v. Gray*, 11 N. Y., 411, SELDEN, J., said: "It is a well settled rule of the common law that, where one person contracts as the agent of another, and the fact of his agency is known to the person with whom he contracts, the principal alone is liable, and not the agent." This rule is directly applicable to the case of attorney and client, and has been so applied whenever the question has arisen, except in the State of New York. *Wires v. Briggs*, 5 Vt., 101; *Maddox v. Cranch*, 4 Har. & McHen., 343; *Morse v. Porter*, 13 Serg. & Rawle, 100; and *Preston v. Preston*, 1 Doug., 292.

AFFIRMED.