HENRY NEWMAN, Respondent, *v.* EMIL GREEFF et al., Appellants.

(Submitted February 3, 1886; decided March 2, 1886.)

THIS was an action to recover damages for alleged breach of a contract for the sale and delivery by defendants to plaintiff of a quantity of buttons.

The defense was based principally upon the ground that the contract was made by defendants as agents for third parties, not as principals. The contract was embodied in letters written by defendants acknowledging and stating the particulars of verbal orders received from plaintiff. The counsel submitted the question on what the court here considered sufficient evidence to the jury. The following is an extract from the opinion:

"Upon this appeal the counsel for the appellants assumes that the defendants were commission merchants and agents for manufacturers, and in the light of that knowledge and the language of the letters, contends that the character of the transaction was one of agency merely. What the plaintiff knew was, under the testimony, for the jury to say, and we are unable to find in the letters any conclusive evidence showing that the defendants intended to act otherwise than as principals. In the first place they sign as principals. Then they say " we report your order," and this, in view of the fact testified to, that the plaintiff had given the order verbally, and Chapman had made a memorandum of the articles and prices, may mean ' report the order' for the information of the plaintiff, as in *Brigg* v. *Hilton* (99 N. Y. 517), they add, ' goods to be put up in bulk ; delivery as soon as possible.' Thus the contract imports a personal obligation.

"The cases cited by the appellant do not require a different conclusion. In *Cobb* v. *Knapp* (71 N. Y. 348), the agent disclosed no principal, and was held liable. In *Southwell* v. *Bowditch* (Law Rep., 1 C. P. Div. 100, on appeal, 374), it was plain on the face of the writing that the defendant was not acting for himself, but for ' principals,' that phrase qualifying the contract. In *Metcalf* v. *Williams* (104 U. S. 93), the defend-

ant was sued personally upon a check signed by him, with the addition of ' V. Pres't,' his name of office, and it was held that he was not personally liable. In each there was enough on the face of the papers to indicate that the person signing acted as agent, and it appeared that the one with whom he dealt had knowledge of that agency.

" In the case before us the signature is the firm name of the defendants, and whether the words used in the bodies of the letters are susceptible of an interpretation which would indicate a different relation to the contract on the part of the signers, is at most ambiguous. Evidence was, therefore, admissible and was received, to fix its true character. And the jury have found as a fact that the defendants did act, and were understood by the plaintiff to act in the transaction as principals, and not as agents. No exception was taken to the judge's charge under which they found their verdict, and it must be deemed conclusive."

*W. Z. Larned* for appellants.

*Stern & Myers* for respondent.

Agree to affirm; opinion by DANFORTH, J.
All concur.
Judgment affirmed.