(28 Misc. Rep. 548.)

## DULON v. CAMP.

(Supreme Court, Appellate Term. July 26, 1899.)

UNDISCLOSED PRINCIPAL.—LIABILITY OF AGENT.

    An attorney who employs another to do work which is intended for the benefit of his client, without disclosing that such work is performed for the client, is personally responsible therefor.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Rudolph Dulon against Elisha K. Camp. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Elisha K. Camp, in pro. per.

J. Brewster Roe, for respondent.

MacLEAN, J. Both parties are lawyers. The dispute between them is twofold; turning upon the value of certain services, and as to who was bound to pay for them. By the testimony of both, it appears that the defendant presented to the plaintiff a proposed certificate, to be made by him,—that a notarial certificate given by the defendant was issued according to the laws of another state, that the corporation therein named was duly organized under the laws of that state, and that the corporation was able to transact business in this state,—the signature to which certificate was to be attested by the consul general in this city of the German empire. The plaintiff, whose certificate was thus sought because of his relation as legal adviser to the German consulate general, and of the esteem in which he was held abroad in such matters, advised the defendant that the paper was not, in his opinion, in proper form, and also that he could not sign such a certificate without informing himself, or being informed, of both the law and the facts. After procuring this information, in part through the defendant, the plaintiff made out the certificate, which was accepted, and charged as a fee therefor $25. About the suitableness of this amount, serious question is not to be entertained, upon the evidence, although two lawyers testified that it was far too small; and two others, all too much. As to whether the bill should be paid by the defendant, or by the company in whose behalf he claims to have acted, the learned justice who found below for the plaintiff properly disposed of the contention by rendering judgment against the defendant. It is a presumption that the party requesting the performance of services is bound to pay therefor, and, if he would obligate any one else, he must clearly indicate, by apt words or by other means, that the services are to be rendered, not for himself, but for another, whom the party employed accepts as a debtor. This precaution the defendant seems to have neglected; for, though he testifies that he said he was acting for the West Virginia Company, which statement is denied by the plaintiff, according to all the other testimony in the case he made all the requests in his own name, and acted to the end without stat-

ing that any one else than himself was to pay. There was little, if anything, in the business itself, to indicate that the services were for the benefit of the company. The plaintiff did not appear as an attorney, but only as a notary, and the certificate asked for was to be used by certain parties, of which the company mentioned was but one, for the formation in Germany of a new corporation. The judgment should be affirmed, with costs to the respondent.

Judgment affirmed, with costs to the respondent. All concur.