(86 Misc. Rep. 46)

### VAN VALKENBURGH v. VAN DOREN.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

1. WORK AND LABOR (§ 27*)—RENDITION OF SERVICES FOR ATTORNEY OR CLIENT —EVIDENCE.

Where, in an action by a stenographer to recover from an attorney for services performed, the issue was whether the attorney was personally liable, or whether the services were rendered for his clients, both parties were entitled to show the circumstances of the original engagement and explain admissions which might be implied from correspondence or a presentation of bills for the services.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 50–54; Dec. Dig. § 27.*]

2. WORK AND LABOR (§ 30*)—RENDITION OF SERVICES FOR ATTORNEY—LIABILITY—QUESTION FOR JURY.

Whether a stenographer rendering services for an attorney extended credit to the attorney so as to authorize a recovery against him, or to his clients so as to require an action against them for the services; held for the jury.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 59–65; Dec. Dig. § 30.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Willis Van Valkenburgh against Louis Van Doren. From a judgment of dismissal at the close of plaintiff's case, plaintiff appeals. Reversed, and new trial granted.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Rambaut & Wilson, of New York City (Edward H. Wilson, of New York City, of counsel), for appellant.

Peirce, Hulbert & Hopkins, of New York City (G. Murray Hulbert, of New York City, of counsel), for respondent.

BIJUR, J.   This action was brought by a public stenographer to recover from an attorney for services performed at his request.

Apparently the learned judge below was of opinion that the authorities cited to him justified the conclusion that services of this character were to be presumed to have been rendered for the attorney's client. All that those cases hold, however, is that, upon the facts therein disclosed, it must be taken as matter of law that the stenographer, knowing who the attorney's principal was, gave credit to the principal and not the attorney.   See Bonynge v. Field, 81 N. Y. 159, Argus Co. v. Hotchkiss, 121 App. Div. 378, 107 N. Y. Supp. 138, Title Guaranty & T. Co. v. Sage, 146 App. Div. 578, 131 N. Y. Supp. 278, and Tyrrel v. Hammerstein, 33 Misc. Rep. 505, 67 N. Y. Supp. 717.

[1] In the case at bar the defendant offered to stipulate in open court that the services had been rendered, and that they were worth the amount of the bill.

When plaintiff's counsel undertook to prove the circumstances under which he had been engaged, defendant's objection to the testimony as immaterial was sustained on the ground that the stipulation covered the proposed evidence.. Plaintiff's counsel was therefore prevented, over his objection and exception, from showing what the original contract between plaintiff and defendant was.

Two original bills sent by plaintiff to defendant were then put in evidence, both dated April 8, 1913, and both charged to defendant personally.   One for $95.75 was for services in Re Iron Clad Manufacturing Co.; the other, for $72.85, was for services in various cases, and for transcribing miscellaneous, but designated, correspondence. Subsequently, at defendant's request, the charges in Re Iron Clad Manufacturing Company, together with some additional ones, were by plaintiff incorporated into a new bill, dated July 30, 1913, and charged to the American Steel Barrel Company, the amount being $148.20, and the second bill, with some trifling exceptions, was incorporated into a second bill of July 30, 1913, and charged to defendant personally to the amount of $70.75, on account of which on September 13th defendant paid $30.   On March 17th (no doubt 1914) the balance was similarly paid.   The purpose of making out the bill to the American Steel Barrel Company was explained by the plaintiff to be the presentation of that bill and the procuring of an order in the Bankruptcy Court directing its payment for reasons which are not very clear from the record.   Thereafter plaintiff wrote a letter to defendant, December 1, 1913, in which plaintiff said, among other things:

"Can you not get Mrs. Seaman to pay the first bill, $128.40?

"* * * Will you also please send me your check for $40.75 still due on your bill."

[2] Upon these facts, and others developed at the trial, plaintiff was entitled to go to the jury on the issue whether credit had been extended to defendant or to his known principal. Plaintiff was entitled to explain whatever admissions might be implied from his correspondence, and defendant to make clear to the jury why the bills were originally rendered to him, and how the plaintiff could have given credit to the American Steel Barrel Company for services charged to the defendant, and described as "In re Iron Clad Manufacturing Company."

Inasmuch as plaintiff was deprived both of the opportunity of showing all the circumstances of the original engagement, which is probably the determining factor in the case, and of having such evidence as he was permitted to introduce submitted to the jury for its determination, the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.