# JUDD & DETWEILER, INC., *v.* GITTINGS.

---

ATTORNEY AND CLIENT; COSTS; BRIEFS; RULES OF COURT; CONSTRUCTIVE
NOTICE.

1. In the absence of express notice to the contrary, court officials and persons connected, either directly or indirectly, with the progress of litigation, may safely regard themselves as dealing with the attorney instead of with the client; and this rule applies not only to obligations incurred by the attorney for actual costs attending the litigation, but to the necessary expenses of attorneys, including the printing of briefs, which are not taxed as costs.

2. An action is maintainable by printers against attorneys for the price of printing briefs in two cases in which the attorneys were counsel, where it appears that one set of the briefs was for use in a case pending in this jurisdiction, and the other set in a case pending in another jurisdiction; that for a number of years similar transactions had been had between the parties, and in all instances it had been the custom of the plaintiffs to render their bill to the defendants, made out in their name, and for which in each instance they received in payment the check of the defendants, and that the defendants did not dispute the plaintiffs' account, or liability therefor, until suit was brought thereon, which was about eighteen months after it was rendered.

3. In an action by printers against attorneys to recover the price of printing briefs in two cases in which the defendants were counsel, the rules of court have little, if any, bearing upon the question of whether the plaintiffs had legal notice as to the filing and distribution of briefs in pending cases, especially where one set of the briefs in question was for use in a court in another jurisdiction. (Distinguishing *District of Columbia* v. *Roth*, 18 App. D. C. 547.)

No. 2743.   Submitted February 3, 1915.   Decided March 1, 1915.

HEARING on an appeal by the plaintiffs from a judgment of the Supreme Court of the District of Columbia entered upon an agreed statement of facts, in an action against attorneys to recover the price of the printing of briefs ordered by them.

*Reversed.*

The COURT in the opinion stated the facts as follows:

Appellant, Judd & Detweiler, a corporation engaged in the printing business in the city of Washington, brought suit in the supreme court of the District of Columbia against appellees Gittings & Chamberlin, a law firm in this city, for the recovery of a bill for printing briefs in two cases in which defendants were counsel.

The case was submitted to the court below upon an agreed statement of facts, in which it appeared that about the 8th day of November, 1911, defendants ordered from plaintiff fifty briefs for use in a case then pending in the Supreme Court of the United States; that on or about the 27th day of January, 1911, they ordered the same number of briefs printed for use in a case then pending in the supreme court of the state of South Carolina, and that the briefs so ordered were printed and delivered to defendants, with an accompanying bill. The material part of the agreed statement of facts is as follows: "Plaintiffs had done similar printing for defendants for a number of years, and bills were delivered with above mentioned work, made out in the name of Gittings & Chamberlin, as had been the custom. Bills for previous work of a similar nature had always been paid to plaintiff by defendants, plaintiff having no knowledge whether or not there had been previous payments to defendants by any or all of their clients; on the other hand, defendants never paid any of said bills without first receiving payment from the client, of which prior payment by defendants' clients plaintiff had no knowledge. On receipt of manuscript, plaintiff knew that defendants were attorneys for their respective clients, and that the work was ordered by them in no wise different from the manner in which other orders had been given by them to plaintiff, to wit, a telephone order by defendants to call for copy for their brief, and when the brief was printed, delivery of the same to defendants by plaintiff with a bill made out in defendants' name. The account was kept in the name of defendants on plaintiff's books, of which fact the defendants, however, had no knowledge. De-

fendants did not dispute the bills or liability therefor until suit brought, namely, on the 24th day of June, 1912." On submission of the case to the court below, judgment was entered for defendants, from which this appeal was taken.

*Mr. John B. Daish* and *Mr. J. Raymond Hoover,* for the appellant:

1. It was appellees' duty to clearly and definitely disclose the fact that they, when ordering the printing, were acting as agents, and not as principals. *Wilder* v. *Cowles,* 100 Mass. 487; *Worthington* v. *Cowles,* 112 Mass. 30.

2. There was lack of sufficient notice to appellant that appellees were acting as agents of disclosed principals. *District of Columbia* v. *Roth,* 18 App. D. C. 551.

Courts do not take judicial notice of rules of other courts, in the absence of statute. *Cherry* v. *Baker,* 17 Md. 75; *Comelison* v. *Foushee,* 101 Ky. 257; *Gudgeon* v. *Casey,* 62 Ill. App. 599; *Van Sandan* v. *Turner,* 6 Q. B. 773, and it would not be fair to impose that requirement upon a printer who may be called upon to print briefs of causes that are being tried in many courts.

But admitting, for sake of the argument, that a printer must have or is chargeable with knowledge of the varying rules of court, the facts of this case are not such as to charge appellant with notice that appellees were acting as agents. *Weisse & Co.* v. *New Orleans,* 10 La. Ann. 46; *Williamson Paper Co.* v. *Bosbyshell,* 14 Mo. App. 534.

In view of the circumstances of this case, the fact that appellant charged appellees is of great importance. It shows who appellant understood was to pay. It shows that appellant considered the credit was extended to appellees, and it is submitted that appellant acted reasonably in looking to appellees to pay. *Livingston* v. *New York College of Dentistry,* 64 N. Y. Supp. 140; *Ford* v. *Williams,* 21 How. 287.

3. The facts and circumstances of the case are such as to legally bind the defendants as principals. *Heath* v. *Bates,* 49 Conn. 342; *Wilder* v. *Cowles,* 100 Mass. 487.

4. The cases involving the liability of an attorney to pay for printing briefs are few, but see *Trimmer* v. *Thompson,* 41 S. C. 125; *Cameron Sun* v. *McAnaw,* 72 Mo. App. 196; *Bonynge* v. *Field,* 44 N. Y. Sup. Ct. 581 (for stenographic services); *Williamson Paper Co.* v. *Bosbyshell,* 14 Mo. App. 534 (costs for printing a brief); *Wires* v. *Briggs,* 5 Vt. 101; *Preston* v. *Preston,* 1 Doug. (Mich.) 294.

5. The account is an account stated. *Standard Oil Co.* v. *Van Etten,* 107 U. S. 1, 27 L. ed. 319, 332.

*Mr. John C. Gittings* and *Mr. J. Morrill Chamberlin,* the appellees, appeared in proper person:

1. The statement of facts discloses that "on receipt of the manuscript plaintiff knew that defendants were attorneys for their respective clients." A contract made with an authorized agent of a known principal binds the principal, but not the agent, and the legal presumption invariably is that the agent always intends to bind his principal, and not himself. The credit is given to the principal, and not to the agent, and the latter is not liable unless the credit has been given to him expressly and exclusively, and it was clearly his intention to assume a personal responsibility. *Evans* v. *Marsh,* 38 App. D. C. 341, citing *Whitney* v. *Wyman,* 101 U. S. 392.

2. Attention is called to the statement in the record, *viz.:* "It is further agreed that the rules of the courts made the printing of briefs necessary in both cases." In *Weisse & Co.* v. *New Orleans,* 10 La. Ann. 46, the court held it to be conceded that counsel had the right, as implied power, to have briefs printed at the expense of clients, but that the clients should not be taxed with the printing of more copies than are usually required. In *Williamson Paper Co.* v. *Bosbyshell,* 14 Mo. App. 534, the suit was brought by the printers against the client, and not the attorneys. The report there discloses that the attorneys had particularly told a member of the printing firm that it was to be distinctly understood that the payment was not to come out of the pockets of the lawyers.

Appellant cites *Livingston* v. *N. Y. College of Dentistry,* 64 N. Y. Supp. 140, in support of its contention that the court erred in considering it unimportant that the plaintiffs at bar had charged the items against the defendants, in view of the consideration that the defendants did not know it. The record in the case just mentioned shows that the plaintiff, a printer, brought suit against the client for the balance due for printing done at its request through its attorney. We concede that the cases where the attorney has been held liable for printing the briefs of his client are scant and few, but submit that cases involving the liability of the client to pay for briefs ordered by the attorney are numerous indeed, and practically unanimous. *Trimmer* v. *Thompson,* 41 S. C. 125, which appellant avers to be "the leading case on the subject," is the leading case in a solitary class of one.

The only other case found in which the attorney has been held personally liable is that of *Cameron Sun* v. *McAnaw,* 72 Mo. App. 196.

Clearly demonstrating the line of authorities unbroken except by *Trimmer* v. *Thompson, supra,* the case preferred by us to be designated as the leading case is *Judson* v. *Gray,* 11 N. Y. 408, cited with *Harry* v. *Hilton,* 64 How. Pr. 199, in *Bonynge* v. *Field,* 81 N. Y. 159. See also *Covell* v. *Hart & McGuire,* 14 Hun, 252; 26 Am. & Eng. Enc. Law, 2d ed. 778; *Whitton* v. *Sullivan,* 96 Cal. 480; *Miller* v. *Palmer,* 25 Ind. App. 357; *Boynge* v. *Waterbury,* 12 Hun, 534; *Sheridan* v. *Genet,* 12 Hun, 660; *Tyrrel* v. *Milliken,* 135 Mo. App. 293; *Sanders* v. *Riddick* (1913) 156 S. W. 464; *Hornstein Co.* v. *Crandall,* 156 Ill. App. 520; *Tyrrel* v. *Hammerstein,* 67 N. Y. Supp. 717; *Argus Co.* v. *Hotchkiss* (1907) 121 App. Div. 378, 107 N. Y. Supp. 138.

3. The rule that an account which has been rendered, and to which no objection has been made within a reasonable time, is to be regarded as admitted by the debtor as prima facie correct, assumes that there was some indebtedness between the parties, for there can be no liability on an account stated if no liability in fact exists, and the mere presentation of a claim,

although not objected to, cannot create liability.   1 R. C. L.
¶ 14; 27 L.R.A.(N.S.) 821, note; 29 L.R.A.(N.S.) 346, note;
*Allen* v. *Somerset Hotel Co.* 88 N. Y. Supp. 944; *Anding* v.
*Levy,* 57 Miss. 51; *Freeland* v. *Heron,* 7 Cranch, 147.

4. The previous dealings between the parties are not the
issue tried here.  See *Dougherty* v. *Paige,* 48 Iowa, 483;
*Bonynge* v. *Field,* 81 N. Y. 159.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The court below in its opinion attached no importance to
the fact that these parties for a long period of time had been
conducting transactions similar to the one sued upon, and that
it had in all instances been the custom for plaintiff to send
its bill to defendants, made out in their name, and for which
in each instance it received in payment thereof defendants'
check.  We think the question of defendants' liability turns
largely upon this conceded fact.   One set of the briefs was
for use in the supreme court of South Carolina.   It is incon-
ceivable that plaintiff would have printed and delivered the
briefs, if dependent upon the client for payment, without either
the money in advance or an assurance that the attorneys would
pay the bill.  While it is stipulated that no such guaranty
was expressly given by defendants, we think there was an im-
plied assurance to that effect arising out of the custom which
had been established between the parties in past transactions.
In *Wires* v. *Briggs,* 5 Vt. 101, 26 Am. Dec. 284, a case in
which it was held that an attorney was not liable for the costs
of the service of a writ, the rule of implied liability was stated
as follows:  "It is true that in some cases the law may imply
a promise on the part of a lawyer to pay fees for the services
of client's writs; as where the officer had been in the constant
practice of charging his fees for such services to the lawyer,
who from time to time had settled such charges without ques-
tioning their legality; from such practice the law may imply
a promise to pay for subsequent services."

Unquestionably, it is a settled rule of the common law that

where one contracts with the agent of another, and the contracting party is apprised of the agency, the principal, and not the agent, is responsible. In other words, an agent is not generally liable when transacting business for a disclosed principal. It must be conceded in this case that plaintiff had notice on the face of the briefs printed of defendants' agency and the names of their principals. While it is true that an attorney is the agent of his client, the relation between them, we think, is such that it calls for some modification of the general rule which the law recognizes as existing between principal and agent. In ordinary transactions, the agent is subordinate to the principal, the principal standing out as the real actor, and the agent merely as a subordinate representative. But the relation between attorney and client is different. The attorney has complete charge of the litigation, is so recognized by the court, and, as such, dominates in all matters pertaining to the conduct of the litigation. "While in one sense the client is the principal and the attorney the agent, and while the attorney is professionally and constantly acting for clients, whose names from the records of the courts and other means of publicity are almost always known or may be so, yet there are peculiarities in his case which make it necessary to apply to it with some qualification the general principles of agency. In most cases of agency the principal is what the name imports, —the leading person in the transaction. The agent is, as the term implies, a mere subordinate, important only as the representative of the principal; often representing only one principal. An attorney at law, on the other hand, occupies a position of recognized importance in itself, not infrequently of great prominence before the public, in which he often has a large number of clients, his relations to whom are full of detail, and who are little noticed by the public." *Heath* v. *Bates,* 49 Conn. 342, 44 Am. Rep. 234. The attorney usually determines what steps are to be taken in his client's interest, and the acts of the attorney in the conduct of litigation are binding upon the client. We therefore deem the just and equitable rule of law thus established to be that, in the absence

of express notice to the contrary, court officials and persons connected, either directly or indirectly, with the progress of the litigation, may safely regard themselves as dealing with the attorney, instead of with the client. This applies not only to obligations incurred by the attorney for actual costs attending the litigation, but to the necessary expenses of attorneys, including the printing of briefs, which are not chargeable as costs in the case.

The court below attached great importance to the rules of court as imparting legal notice to plaintiff as to the filing and distribution of briefs in pending cases. Rules of court have the force of statutes to the extent of their operation. They are for the control of officers of the court, including attorneys and litigants, "and are binding upon the court, and upon the suitors and those who represent suitors." *District of Columbia* v. *Roth,* 18 App. D. C. 547. It would be extreme, indeed, to hold the rules of the supreme court of South Carolina legal notice to plaintiff of the disposition to be made of the briefs it was printing for the use of defendants. Besides the rules of the court in South Carolina, as in every other jurisdiction, impose the duties relative to the disposition of briefs equally upon the attorney and the litigant. The rules of court, therefore, have little, if any, bearing upon this case.

The judgment is reversed with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*