BATAVIA TIMES PUBLISHING COMPANY, Plaintiff, *v.* RICHARD A. HALL, Defendant.

Supreme Court, Chautauqua County, March 31, 1927.

**Principal and agent — action for printing law case for defendant, attorney — defense that defendant was acting for client not sustained.**

In an action to recover the value of certain law printing done by plaintiff, upon the order and request of the defendant, it must be held that the defendant ordered the printing in question upon his personal responsibility and is liable therefor, for it appears that he ordered, by letter, the case to be printed and in no way indicated that he was acting as agent for another.

The fact that a reading of the printed case disclosed that the defendant was not a party to the action, but was an attorney for one of the parties, was not sufficient to put the plaintiff upon inquiry.

ACTION to recover value of certain law printing ordered by defendant, an attorney.

*Pickard & Pickard,* for the plaintiff.

*Richard A. Hall,* in *pro per.,* for the defendant.

CROSBY, J. This is an action to recover the value of certain law printing done by plaintiff upon the order and request of defendant. Concededly, the work was done by plaintiff as ordered,

it was ordered by defendant, it was done and delivered at the time ordered, it was worth $319.30, and the bill became due September 24, 1924. The sole defense is that the defendant ordered the printing acting as agent and attorney for his client and principal, and that the facts and circumstances of the case are such that plaintiff understood that it was doing the work for and upon the credit of defendant's disclosed principal, his client.

There is no dispute about the evidence as to the facts upon which the contract rested. The evidence is all in cold print in the form of letters. The only dispute relates to a conversation, occurring long after the printing was done and delivered, between defendant and plaintiff's manager, the latter claiming that defendant said he would pay the bill and the former claiming he said he would get his client to pay the bill. I make no finding concerning this conversation for the reason that it is entirely inconsequential which version of it is correct, although it may be considered in determining how the contract was understood by the parties in the first place. If I had any doubt as to the terms of the original contract I would make a finding as to the later conversation. I have no such doubt.

When a person asks another to do work for him, or to deliver goods to him, it seems to me that, *prima facie*, he must expect to be called upon to pay the bill. (*Dulon* v. *Camp*, 28 Misc. 548; *Meyer* v. *Redmond*, 205 N. Y. 478, 483.)

It seems to me that the burden is cast upon him to show that the terms of the order and the facts and circumstances of the transaction are such as to indicate that the one doing the work or delivering the goods understood or ought to have understood that he was dealing with an agent for some one else.

The defendant, by letter, ordered this printing. " I am sending you * * * case * * * to be printed * * * and must have it not later than August 1st. Kindly advise me * * * when I may expect it. * * * Send it to me at Cherry Creek, N. Y.," is the language of his letter. And the letter is dated at Cherry Creek on July twenty-fourth. Two days later he writes to order a correction, and in this letter says: " I sent the case," and at no time intimates that he is acting as agent for another. He does not even sign his name " as attorney " for any one; but signs his name simply. The only possible foundation for defendant's claim is that the printed case itself disclosed to one reading it, or the title to it, that defendant was not a party to the action, and was attorney for one of the parties.

Must plaintiff be put upon its inquiry by these facts upon which defendant relies? Especially in view of the fact that this is a hurry-up order to fill which plaintiff is given less than a week after

the corrected case is in its hands?  I am unable to answer these questions in the affirmative.  The plaintiff is a corporation largely engaged in law printing.  Must it be charged with the duty of suspecting that defendant is ordering work for his client, and upon the latter's credit, when defendant, a lawyer, took no pains to say that he was ordering the work done upon the credit of his client?  No, is the correct answer.

Defendant, in his brief, relies upon authorities most of which are not exactly in point.  Such, among others, are cases which hold that an attorney conducting a litigation is not liable for referee's fees or stenographer's fees.  Let us briefly analyze a few of the cases cited by defendant.

*Packard* v. *Stephani* (85 Hun, 197) is a case in which an expert witness sued the party, in whose behalf he was asked to attend a trial, for his pay.  The case holds that the plaintiff could not recover because the party had advised the expert witness that his presence at the trial was not desired.  It is fair to assume that had the expert sued the attorney who, under the circumstances, requested his attendance, he might have had better success.  This case was cited because of a dictum in the opinion to the effect that " There can be no doubt of the authority of an attorney in the conduct and management of his client's case to make such necessary and proper disbursements as the case shall require."

This dictum is supported by another case cited in defendant's brief (*Brown* v. *Travellers' Life & Acc. Ins. Co.*, 21 App. Div. 42).

In *Nealis* v. *Meyer* (21 Misc. 344) referee's fees were recovered from a party to a litigation, no question being raised as to the attorney's liability.

*Coale* v. *Suckert* (18 Misc. 76) is a case in which a stenographer recovered her fees from a party to the litigation without any question being raised as to the attorney's liability.

*Bonynge* v. *Field* (81 N. Y. 159) holds that an attorney was not liable for stenographer's fees; and the decision is put upon the ground, among others, that the attorney had not employed the stenographer.

*Tyrrel* v. *Hammerstein* (33 Misc. 505) merely holds that a client was liable for the expense of printing an appeal book where he had expressly authorized his attorney to " take an appeal."  In the case at bar defendant made no proof that his client had ordered or authorized him to take an appeal.

*Livingston Middleditch Co.* v. *New York College of Dentistry* (31 Misc. 259) is a case in which the client was sued for printing ordered by its attorney.  The defendant sought to escape liability on the theory that the attorney alone was liable.  The complaint

was dismissed by the trial court and the judgment entered upon such dismissal was reversed by the Appellate Division on the ground that proper evidence offered by the plaintiff on the trial was erroneously excluded by the trial court. That case furnishes no help in deciding the case at bar, unless a dictum in the opinion, very favorable to defendant herein, be considered. The language of the dictum is: " The manuscript furnished to the plaintiff by defendant's attorney apprised it of the relations existing between the defendant and its attorney."

I have read all the cases cited in defendant's brief. None are exactly in point; some contain dicta favorable to defendant herein.

But there is one case, not cited in defendant's brief, that strongly sustains his contention (*Argus Co.* v. *Hotchkiss*, 121 App. Div. 378). In that case the contract for printing was made by oral conversation between defendant, a lawyer, and the vice-president of the plaintiff corporation which did the printing. It so happened that the plaintiff's vice-president was a lawyer and the contract was the result of several conversations, in one of which defendant said " that he was personally interested to have it [the printing] done cheap." It can be argued that defendant's statement that he was " personally interested " in the printing job made this a stronger case against the defendant than the case at bar. And yet, defendant's statement that he was " personally interested " was a way of saying that he was not the real party in interest. And besides, he was only a counsel in the case, not the attorney. A judgment for the plaintiff entered upon a verdict of the jury was reversed by the Appellate Division by a court divided three to two. The following cases cited in plaintiff's brief deserve attention:

*Riley* v. *Tull* (186 App. Div. 805) is a case in which an attorney was held liable for the services of a detective employed to secure evidence upon which a divorce could be obtained by the attorney's client.

*Newman* v. *Greeff* (101 N. Y. 663, 664) is a case in which the court lays some stress upon the fact that the agents, sought to be bound by a contract, embodied in some letters, signed names as individuals, without indicating their representative capacity.

In *Van Valkenburgh* v. *Van Doren* (86 Misc. 46) it is held that the contract itself must determine whether or no an attorney has pledged his personal credit for the payment of stenographer's bills.

It seems to me a correct conclusion, from all the facts and circumstances of the case at bar, that defendant ordered the printing in question upon his personal responsibility. I am signing findings, submitted by plaintiff, favorable to that conclusion.