BAKST v. STEPHENS, et al.

No. 2002.

Circuit Court, Dade County, Civil Appeal.

January 23, 1963.

James E. Glass (Mershon, Sawyer, Johnston, Simmons & Dunwody, of counsel), Miami, for appellant.

No appearance for appellees.

HAROLD R. VANN, Circuit Judge.

This is an appeal by plaintiff from a final judgment entered in the small claims court in and for Dade County, which raises the question of an attorney's liability to a court reporter for transcripts ordered by the attorney from the reporter.

There can be no dispute as to the facts which were personally stipulated to by the parties at the trial in the lower court.

During the course of approximately one year plaintiff, a court reporter, rendered reporting services to defendants, practicing attorneys. On five separate occasions plaintiff provided defendants with transcripts and on each occasion rendered a statement to defendants. One of the transcripts was of a pre-trial conference: four of the transcripts were of depositions.

The pre-trial conference was scheduled by the court, at which defendants appeared, but the depositions were severally scheduled by the defendants' opposing counsel. While ostensibly representing the "clients" named in the style of the respective cases, defendants were actually representing insurance companies. After the depositions were concluded, defendants ordered transcripts ("copies") thereof from plaintiff. In ordering transcripts, the customary practice would be for plaintiff to ask if defendants wanted a copy and defendants would reply in the affirmative. Plaintiff would thereafter prepare and deliver the transcripts to defendants.

The dealings were always between plaintiff and defendants. In ordering transcripts, defendants did not advise plaintiff that they were representing insurance companies and that plaintiff would have to look to the respective companies for payment. Nor was there any understanding between the parties that plaintiff would not be paid until the respective companies paid defendants.

Plaintiff sued the defendants to recover the sum of $58.60, the cost of all the transcripts. Upon the foregoing facts, the lower court entered a final judgment in favor of plaintiff in the amount of $5.40. In so doing, the judge held that plaintiff could recover the cost of the transcript of pre-trial conference where plaintiff had, in effect, been engaged by the court, but could not recover for the transcripts of the depositions because defendants did not engage plaintiff to report the depositions initially.

The main point argued by plaintiff in this appeal is whether an attorney can be held liable to a reporter for transcripts, if, when ordering transcripts, nothing was said by either the attorney or the reporter regarding whom the reporter should look to for payment. In asserting this point plaintiff frankly admits that in the instant cause either defendants are liable for all of the transcripts or none of them.

The question of an attorney's liability to a court reporter for transcripts ordered by the attorney from the reporter usually arises in one of two situations — *First*, there is the situation where the attorney, in ordering the transcript from the reporter, expressly either assumes or disclaims personal responsibility for the cost. *Second*, there is the situation where, in ordering the transcript, nothing is said by either the attorney or the reporter regarding whom the reporter should look to for payment.

In the context of the first situation there is no question as to liability. It is well settled that an attorney may bind himself to pay for the transcripts or avoid liability by making it clear that the transcript is being ordered on the credit of his client. See Anno., *"Liability of Attorney on Contract made by Him in the Interest of his Client,"* 100 A.L.R. 533. The second situation presents a more difficult question as to liability and appears to be a novel one in this jurisdiction. Admittedly, there is a split of authority on this question, but it appears to this court that the better rule is that when an attorney orders transcripts from a court reporter, the attorney is liable to the reporter for the transcripts unless he makes it expressly known that he is ordering the transcripts as agent for his client. See Trimmier v. Thompson (1894), 41 S.C. 125, 19 S.E. 291; Batavia Times Pub. Co. v. Hall (Sup. Ct. 1927), 129 Misc. Rep. 197, 221 N.Y.S. 89; but see Loder Appeal Press, Inc. v. Peerless Sugar Co., Inc. (Sup. Ct. App. Div. 1951), 277 App. Div. 737, 102 N.Y.S.2d 820.

One of the most recent cases in point is Monick v. Melnicoff (D.C. App. 1958), 144 A.2d 381. In that case, a court reporter instituted action against two attorneys to recover the costs of certain transcripts. The lower court entered judgment for the attorney which was reversed on appeal. The appellate court fol-

lowed the rule announced earlier in Judd & Detweiler, Inc. v. Gittings, 43 App. D.C. 304 —

"We therefore deem the just and equitable rule of law thus established to be that, in the absence of express notice to the contrary, court officials and persons connected, either directly or indirectly, with the progress of the litigation, may safely regard themselves as dealing with the attorney, instead of with the client. This applies not only to obligations incurred by the attorney for actual costs attending the litigation, but to the necessary expenses of attorneys, including the printing of briefs, which are not chargeable as costs in the case."

and in so doing stated —

" * * * we also think the rule to be just and equitable. If an attorney in ordering a transcript or brief does not intend to bind himself personally, he may avoid responsibility by making his position clear." 144 A.2d 381, 383.

In view of the important and vital relationship between the attorney and the court reporter, particularly since the adoption of the 1954 Florida Rules of Civil Procedure, which instituted a liberal policy of discovery, it appears that the rule announced in Monick v. Melnicoff, supra, should be followed in this jurisdiction. It is accordingly held that when an attorney orders transcripts from a court reporter, whether he engaged the reporter initially or not, the attorney is liable to the reporter for the transcripts unless he makes it expressly known that he is ordering the transcripts as agent for his client.

The final judgment is reversed and remanded with directions to enter judgment for plaintiff for the sum of $58.60, together with costs.