## BROWD v. FIERMAN REPORTING SERVICE
### No. 83-014 AP
Eleventh Judicial Circuit, Dade County, Appellate Division

Rudolph Browd, for appellant.

Paul Kwitney, for appellee.

Before KLEIN, PERSON and SALMON. J.J.

Fierman Reporting Service, plaintiff below filed a complaint in the County Court in and for Dade County, Florida against Rudolph Browd, defendant.

Fierman's claim was based upon the following Statement of Facts:

Plaintiff, Fierman Reporting Service, Inc., was engaged during the course of discovery proceedings by one Lee H. Schillinger in a case he was defending against Fernando Munilla and Enrique Betancourt clients of Rudolph Browd. In the course of those proceedings certain depositions were taken. Rudolph Browd requested copies of the deposition and exhibits duplicated and collated. Invoices were thereafter sent by Fierman to Lee H. Schillinger for the taking of the deposition, collating of exhibits and transcripts of the deposition and to Rudolph Browd for copies of the deposition and collated exhibits. Browd refused to pay. Fierman then filed suit in the County Court seeking to recover cost of services rendered.

Rudolph Browd filed a third party complaint against his former clients, Fernando Munilla and Enrique Betancourt asserting that they were responsible for payment of the money sought by Fierman Reporting Service based upon the theory that the services received were requested on their behalf. A default judgment was ultimately entered against third party defendant, Enrique Betancourt.

entered Final Judgment for the Plaintiff, Fierman Reporting Service, Inc. against Rudolph Browd, P.A. in the sum of $377.55 and $30 court cost. Final Judgment was entered January 3, 1983.

The issue presented for our consideration on appeal is whether Rudolph Browd, Attorney acting on behalf of a disclosed principal, his client, may be held personally liable for expenses of court reporting services requested by him on his client's behalf.

The view asserted by Browd as grounds for reversal is based upon Agency principles. We agree with his assertion that ordinarily the general rule of Agency, that a contract executed by an agent acting within the scope of his authority on behalf of its principal, imposes no personal liability upon the agent, unless credit had been given expressly and exclusively to the agent who intends to assume personal liability. 3 Am.Jur.2d, Agency §294.

However, in *Bakst v. Stephens,* 21 Fla. Supp. 47, (Fla. 11th Cir. Ct. 1963), the Court, sitting in its appellate capacity, held ". . . when an attorney orders transcripts from a court reporter, whether he engaged the reporter initially or not, the attorney is liable to the reporter for the transcripts unless he makes it expressly known that he is ordering the transcripts as agent for his client."

Among other jurisdictions that have addressed the issue of an attorney's liability for expenses incurred in relation to services for his client, the majority follow the rule suggested by the appellant reasoning that an attorney acts as an agent for his client and this is usually known to those with whom he deals. *Rayvid v. Burgh,* 37 Misc.2d 963, 234 N.Y.S.2d 868 (1962); *Bonynge v. Field,* 81 N.Y. 159 (1880); *Petrando v. Barry,* 4 Ill.App.2d 319, 124 N.E.2d 85 (1955).

The minority rule followed in other jurisdictions is that an attorney dealing with a third party is to be treated as a principal and held personally liable for expenses incurred in the client's behalf unless the attorney makes it expressly known that he is not ordering such services on his own credit. See annotation. 15 A.L.R.3d 531.

We adopt the latter rule as the Rule to be applied in this case for the following reasons. The Court recognizes that in Dade County, court reporters are customarily engaged by the attorney and that the reporter looks to the attorney for payment of their services. The only exception is the representation of indigent defendants by specially appointed Public Defenders in criminal cases. In those cases it is clear that the County rather than the individual attorney is liable for court reporting services.

In the instant case, Browd engaged the services of the court reporter when he requested copies of the deposition transcripts and exhibits. The materials were then delivered to the attorney ordering them and he was billed.

It is doubtful whether court reporters would advance their services if they had to look to clients for payment. As was recognized in *Roberts, Walsh & Co. v. Trugman,* 109 N.J. Super 594, 264 A.2d 237 (1970), which held the attorney primarily liable to a court reporter for the cost of depositions, credit is extended to the attorney, not the client. If the client is known to the court reporter prior to taking a deposition, it is at most only as a name. The attorney, as a member of the bar is prima facie worthy of credit. Id. at 598, 264 A.2d at 239.

To resolve this issue under strict agency principles would not take into consideration the special nature of the attorney-client relationship. It is the attorney who is responsible for handling depositions and who deals with the court reporter. It is for this reason that the attorney-client relationship is felt to call for some modification of the general rule regarding principal and agency. *Judd & Detweiler v. Gittings,* 43 App. D.C. 304 (1915).

Browd recognized in his appellate brief that there could be another disposition contrary to the one sought by him had there been a long standing relationship between him and Fierman Reporting Service. See, *Wires v. Briggs,* 5 Vt. 101 (1883). The relationship which we seek to recognize in our opinion stated herein is the exact relationship in this community between attorneys and court reporters. The rule adopted by this Court will avoid disruption of established business practice without the imposition of any undue hardship. It is but a simple matter for the attorney to exclude himself from liability by making a statement to that effect. *Burt v. Gahan.* 351 Mass. 340, 220 N.E.2d 817 (Mass. 1966).

The judgment is affirmed.

SALMON, J. dissents

I respectfully dissent. I would follow the majority rule recited by the majority. Before I would adopt a rule that is based upon what might be a custom of the trade or similar doctrine, I would require proof of that custom.