William C. Hecht, Jr., J.
The action against defendant Weiss, as attorney, is on a contract for stenographic and transcription services in recording and transcribing pretrial depositions. The action against defendants Regan et al., a law partnership, is for knowingly participating in the breach of the referred-to contract.
Appellant is engaged in the stenographic reporting business under the name of Holden Reporting Service. On February 4, 1958, she wrote a letter to respondent Weiss quoting the rate for taking depositions in the action Dale-Hilton v. Triangle, wherein Weiss was acting as attorney for Dale-Hilton. The letter concluded “ you will be billed * * * as the transcript is provided. However, it is understood that no bill will be payable until a recovery in this case is paid your client either by way of judgment or settlement.” (Italics supplied.) It was accepted and agreed to by Robert Coryell Weiss without identification of himself as attorney.
On April 27, 1959, appellant sent Weiss a bill for services to date in the sum of $1,989.50. Weiss made no response thereto, though admitting that the bill was addressed to him.
On December 7, 1959, an agreement was made between Dale-Hilton and Weiss whereby the Regan law firm was substituted as attorney in place of Weiss. Dale-Hilton agreed that Weiss’ fee should be determined by the court in which the action was pending, and would be paid out of the recovery.
Dale-Hilton also agreed with Weiss “ that the total amount of disbursements incurred by you in connection with the prose *273 cution of this lawsuit is $2517.71. We agree that out of any monies received by us, either as a result of settlement or judgment, you will be entitled to receive said sum of $2517.71 before we or anyone else share in such monies ”. The foregoing sum did not include appellant’s bill, which had been rendered nevertheless earlier and which was not referred to in the agreement.
The agreement provided further that the payments outlined above should be made out of the recovery by the Began law firm, ‘ ‘ and the signature of said law firm to this agreement constitutes its agreement to make such payments ”. The Began law firm did sign the agreement.
On December 4, 1961, Weiss was informed by the Began firm that a settlement had been agreed upon in the sum of $30,000. He wrote to them calling attention to the stipulation providing for fixation and payment of his fee, and for reimbursement of his disbursements of $2,517.71. The Began firm thereupon paid him the $2,517.71 and submitted the fixation of fees to Judge Metzneb in the United States District Court, presenting to him the substitution agreement and all other relevant facts within their knowledge.
On December 21,1961, Weiss wrote to the Began firm acknowledging receipt of the $2,517.71, and stating: “ I list below certain other contingent liabilities previously brought to your attention which are now due which to my knowledge have not been paid:
“ 1. Samuel Ehrenhalt, the statistician for plaintiff, who has a contingent agreement, approved by the client Dale-Hilton, Inc., calling for payment of his fee, as a disbursement, upon any allowance in this action.
“ 2. Holden Beporting Service, shorthand reporters, who also have a fee payable upon any recovery in this action * * * as to items 1 and 2, my interest follows from the possibility of any secondary liability. Therefore, I want arrangements made by your client for the payment of these items ”. (Italics supplied.)
Copy of this letter was sent to Judge Metznbb.
On January 3,1962, Judge Metzneb signed an order awarding Weiss a fee of $8,000 to be paid out of the settlement proceeds, and directing that, out of such fee, Weiss was to pay any claims of Ehrenhalt against Dale-Hilton “ pursuant to the agreement dated March 3, 1958 ’ ’. That agreement is not in evidence but it appears from Weiss’ letter of December 21, 1961 (quoted above), that the client knew of and approved the bill.
There is no evidence that the Began law firm had any notice of appellant’s claim prior to Weiss’ letter of December 21. *274 It was not included in the list attached to the substitution agreement of December 7, 1959, so that it was not covered by the Began firm’s undertaking to pay those bills. The judgment in favor of the Began firm should be affirmed.
The trial court held that the agreement of February 4, 1958, between appellant and Weiss did not import any promise by the latter to take upon himself any obligation with regard to the payment of appellant’s charges. This ruling was clearly right. As Weiss was acting on behalf of the client as a disclosed principal, the attorney assumes no personal responsibility even though he does not specifically describe himself as an attorney, since appellant’s letter indicates her knowledge that Weiss was acting on behalf of a named client (Bonynge v. Field, 81 N. Y. 159; Argus Co. v. Hotchkiss, 121 App. Div. 378; Loder Appeal Press v. Peerless Sugar Co., 277 App. Div. 737).
This holding, however, does not exonerate Weiss of all liability. If appellant’s letter had merely quoted a rate which Weiss had accepted, the client would have been liable for payment in any event and appellant’s sole recourse would have been against the client. But here it was understood “ that no bill will be payable until a recovery in this case is paid your client either by way of judgment or settlement ”. Appellant would have no way of ascertaining when there was a recovery, the fact on which her payment depended. That was a matter solely within the cognizance of Weiss, who had acted as agent in negotiating this contract providing for payment only after recovery. Further, it does not appear that the client had any knowledge of this agreement, as it did of Ehrenhalt’s agreement.
The trier of the facts may conclude, under these circumstances, and in the light of any further testimony which may be adduced at the trial (including any conversations between appellant and Weiss) that the latter was under a duty (a) to include appellant’s claim when he presented the list of his own disbursements in connection with the substitution agreement of December 7, 1959; and (b) to advise appellant when the recovery was had, in order that she might present her claim to Judge Metzuee before the fund out of which it was to be paid was released from custodia legis. The trier of the facts should also determine whether the latter duty was discharged by the mention of her claim in the letter of December 21, 1961, to the Began firm, a copy of which was sent to Judge Metznee. It may be found that Weiss failed to give appellant the opportunity to press her claim before Judge Metzxeb because of his fear that the payment might be directed out of his own fee, as was done with Ehrenhalt’s claim.
*275 While he did not promise in so many words that he would use reasonable efforts to see to it that appellant was not prejudiced in collecting from the client, the trier of the facts may conclude “that such a promise is fairly to be implied. The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal. It takes a broader view to-day. A promise may be lacking, and yet the whole writing may be ‘ instinct with an obligation,’ imperfectly expressed (Scott, J., in McCall Co. v. Wright, 133 App. Div. 62; Moran v. Standard Oil Co., 211 N. Y. 187, 198). If that is so, there is a contract ” (Cabdozo, J., in Wood v. Duff-Gordon, 222 N. Y. 88, 91).
These words have been quoted time and again as establishing “the implication of good faith read into every contract” (Desmond, Ch. J., in Matter of De Laurentiis, 9 N Y 2d 503, 509. See Sinclair v. Purdy, 235 N. Y. 245, 254; Edison El. Illuminating Co. v. Thacher, 229 N. Y. 172; Kaminsky v. Kahn, 13 A D 2d 143, 146). As was said by Rabin, J., in the last-cited case: “In any agreement there is an implied covenant that nothing will be done to impair the rights of a party to such agreement ”. In view of the fact that Weiss utilized the services of appellant, which he found necessary to produce a result upon which his fee depended, and then collected his own fee while failing to advise appellant of the successful outcome upon which her fee depended and of the deposit in court of the fund out of which such compensation could be collected, the trier of the facts may find that such implied covenant of good faith was breached by Weiss.
The judgment in favor of defendants Regan, Goldfarb, Powell & Quinn should be affirmed, with $25 costs.
The judgment in favor of defendant Weiss should be reversed and new trial ordered, with $30 costs to abide the event.
Concur — Hofstadter, J. P., Tilzer and Hecht, JJ.
Judgment in favor of defendants Regan, Groldfarb, Powell & Quinn affirmed, etc. Judgment in favor of defendant Weiss reversed, etc.