Maurice Wahl, J.
The plaintiff, an official reporter for the Securities and Exchange Commission, seeks to recover the sum of $2,317.13 from the defendants, a New York law firm and one of the partners thereof. The instant action was tried before this court without a jury, and upon completion of the trial the court reserved decision. ■
*855 The plaintiff’s claim arises out of its performance of stenographic services at hearings before the Securities and Exchange Commission. Specifically, these services consisted of recording, transcribing and delivering to the defendant law firm transcripts of specified hearings. The services were rendered pursuant to a written contract which provided in pertinent part as follows:
Contract No 521
In re: Volante, Behar and Sperling et al. File No. 3-1793
Date 12-19-68
Name: Feiner and Klaris
Address: 150 Broadway, NT, N.T.
Representing: Respondent all
The undersigned hereby orders 1 copy of the OFFICIAL PROCEEDINGS at the rate of $1.75 per page for daily delivery.
Purchaser agrees that he will not, nor will he permit any other party to make a photographic, electrostatic or other facsimile copy of any transcript received pursuant to this order. (This does not limit the purchaser from quoting or reproducing excerpts for filing briefs, motions, appeals, etc.)
SIGNATURE Ira N. Smith
Under the terms of the contract, dated December 19, 1968 and signed by defendant, Ira N. Smith without indicating his representative capacity, the plaintiff agreed to supply the defendant one copy of the official proceedings of a public hearing held before the S.E.C. Volante, Behar and Sperling et al. are named in the order blank as the parties who were the subject of the hearing. Mr. Smith is a partner in the law firm of Feiner, Klaris & Curtis who are named as defendants herein as well as Mr. Smith.
The testimony during the trial of this action established that the plaintiff, pursuant to the aforesaid writing, recorded, transcribed and delivered to the defendant law firm transcripts of the hearings conducted before the S.E.C. on the following dates: November 22, 1968, December 23 and 26, 1968 and on March 2, 3, 4, 5, 6,18 and 19, 1968. The plaintiff billed the defendant for these services $41.78, $409.35 and $1,867 on January 2, January 6 and May 7, 1969, respectively. All the bills were addressed to the attorneys. It is also to be noted that the bill of May 7,1969 indicates that on December 26,1968, Ira N. Smith, Esq., defendant herein, apparently testified for the parties at the S.E.C. hearing.
The general rule is that an attorney authorizing work to be done in connection with a lawsuit is acting as an agent for a known principal and as such does not become personally responsible for the expenses of that work unless the attorney undertook to assume liability. (Argus Co. v. Hotchkiss, 121 App. Div. *856 378 ; Matter of May, 27 N Y 2d 529 ; Batavia Times Pub. Co. v. Hall, 129 Misc. 197). The cases so holding in the lower courts are legion.
The question here is whether these attorneys pledged their own credit.
Here, Messrs. Volante, Behar & Sperling, were under public scrutiny by the S.E.C. and these defendants were their attorneys, and appeared for them as such. In arranging their fee the attorneys surely advised their client that a transcript of the testimony was important and probably would be helpful in planning the defense, if any.
The testimony during trial established that the subject transcripts were delivered to the defendant law firm and that the bills in connection therewith were sent to and charged to the law firm. There is no evidence before the court that defendants forwarded the bills on to their clieqt, or attempted to make some arrangement with their clients for the payment of these bills, or failing that, specifically disavowed their own liability thereunder. The defendants’ primary responsibility was to represent and protect their client. However, in accepting bills for services rendered in connection with their representation of their clients, they also assumed the responsibility for arranging for the payment of these bills — whether paid out of their own funds or out of funds received from their client. When it appeared that such payment would not be made within a reasonable time, it was the duty of the defendants to advise the plaintiff that they accepted no responsibility for the outstanding obligation. Perhaps under such circumstances the plaintiff may have been able to recover from the clients. In no event may counsel merely sit back and ignore the obligation, thereby enforcing the misconception that payment will soon be made. By failing to apprise the plaintiff of the status of the account in question, defendants have estopped themselves at this late date from denying liability.
Furthermore, Ira 1ST. Smith, Esq., testified at one of the hearings. This raises a strong motive for defendants to have pledged their own credit, i.e., they may have been so close to the main transaction as to require their testimony. Under all the circunistances this court will not deprive the plaintiff of its just due. The defendants were benefited and to relegate the plaintiff to seek payment from the alleged principals who may have been incarcerated, is manifestly unfair. The defendants utilized the labor of the plaintiff, perhaps were compensated by its clients therefor, they should now pay what is just.
So, not unlike Zengerle v. Weiss (48 Misc 2d 271) where the attorney was held liable, the fair inferences to be drawn from the *857 whole case, as well as the signed document at bar, impel this court to find that defendants’ promise of liability is fairly to be implied and that the writing and testimony may be ‘ ‘ ‘ instinct with an obligation, ’ imperfectly expressed. * * * If that is so, there is a contract ”. (Wood v. Duff-Gordon, 222 N. Y. 88, 91, Cardozo, J.).
Judgment for plaintiff for the sum of $2,317.13.