WILLIAM F. BONYNGE, Appellant, *v.* DAVID DUDLEY FIELD et al., Respondents.

In the absence of a special agreement imposing a personal liability an attorney for one of the parties to an action cannot be held personally responsible for the services of a stenographer therein.

In an action against attorneys, to recover for the services of a stenographer, plaintiff offered to show that at the time of an interview between defendants and the stenographer, after the services were performed, in reference to the bill, defendant's client had escaped from prison and that the newspapers contained the announcement of his escape.   The evidence was objected to and excluded.   *Held*, no error.

Plaintiff offered to prove previous dealings of the stenographer with defendants when services were performed on like retainers, bills fur-

nished to defendants and, payments made by them. *Held,* that the testimony was properly rejected.

(Argued April 12, 1880; decided June 1, 1880.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of defendants entered upon an order dismissing the complaint on trial. (Reported below, 12 J. & S. 581.)

This action was brought to recover a stenographer's bill for services in a criminal action in which the defendants were the attorneys for the prisoner.

The facts appear sufficiently in the opinion.

*S. Jones* for appellant.

*R. E. Deyo* for respondents. The motion to dismiss the complaint was properly granted, there being no evidence establishing a personal obligation on the part of defendants. (*Covell* v. *Hart,* 14 Hun, 252; *Bonynge* v. *Waterbury,* 12 id. 534; *Sheridan* v. *Genet,* id. 660; *Judson* v. *Gray,* 11 N. Y. 408.)

MILLER, J. The rule is well established that when a person contracts as the agent of another, and the fact of his agency is known to the person with whom he contracts, the principal alone, and not the agent, is responsible. This rule applies to the relationship of attorney and client, and except to a certain class of officers who are not within the general rule, attorneys cannot be held personally responsible for services of this kind rendered in a suit, unless there is a special obligation to that effect. (*Judson* v. *Gray,* 11 N. Y. 408; *Covell* v. *Hart,* 14 Hun, 252; *Bonynge* v. *Waterbury,* 12 id. 534; *Sheridan* v. *Genet,* id. 660.) The charges of stenographers are within the principle laid down, and unless the evidence establishes that the services, for which a recovery is claimed in this case, were rendered upon the responsibility of the defendants, the complaint was properly dismissed upon the trial.

The testimony does not establish any positive agreement to pay the stenographers for their services, or any distinct employment by the defendants personally. No such demand was made by the stenographers, nor any such promise given by the defendants; and it was expressly stated by one of the defendants that they would have to be careful in making any engagements, for their client was a very particular man. They were, therefore, cautious in assuming any responsibility whatever, and if any such was incurred, it can only be inferred from the construction to be placed upon the acts and conduct of the parties, which are particularly urged as establishing an employment by the defendants, and to these we will briefly refer.

It is claimed that the evidence shows a delivery of the bill rendered to the defendants at the time of its date, and that no objection was made until a long time afterward. One of the assignors of the plaintiff testified that he went to Mr. Field, senior, having rendered a bill to the firm, in response to a message that he had received to know how much it amounted to at that time, and asked him if he could not let him have the amount of the bill, and he said he had not received any thing from his client, and that the stenographers must wait. He also testified that at the close of the case a bill was rendered for the *amount* of services performed, without stating the items, to whom or at what particular time. It does not appear what any of these bills contained, in whose name they were made out, or to whom, if any one, the services were charged. A single bill was afterward read in evidence by the plaintiff, which purports to have been made, or which bears date, March 11, 1876, and the following testimony was given by one of plaintiff's witnesses: Q. " This is dated March 11, 1876 ; was that after the performance of all the work you did in the Tweed case ? " (Bill shown witness.) A. " I presume it to be ; I don't know ; I have no recollection of the exact figures ; the books will show ; after the rendition of this bill, another one was sent ; I do not know whether we received any communication from Field & Deyo in reference to that bill." No books are produced, and no proof given that it was taken from the books,

or that it was a copy of any bill which had been rendered to the defendants. A letter from the defendants had previously been introduced by the plaintiffs, bearing date November 28, 1876, acknowledging the receipt of a bill the day previous, and stating that it was made out in their name as debtors, and should be made out against Mr. Tweed, and that they would do their best to procure payment of it and had little doubt that it would be paid. The plaintiff could have shown precisely how the matter stood; when the bills, if any, were sent, and what they contained; and, failing to do this, it is a fair presumption that the letter, which repudiated any personal liability, referred to the first and only bill received, and as the defendants denied their liability, it was not established by the bill rendered, nor was it necessary to repeat the denial of liability which had been previously made. As to the date of the bill introduced, it most probably related to the time when the charge was made, which, as the bill itself shows, was a few days after the last item of service was performed. But whether it was so or otherwise is not material, as the proof does not show that the bill introduced was the same as the one sent. It cannot be said, then, that the proof given does establish that the bill was retained without making any objection within a reasonable time, or that the defendants acquiesced in its correctness. Nor is any inference to be derived from the date of the charge that it was delivered at that time. The rule that a document or instrument is presumed to be delivered at the time it bears date rests upon a different principle and has no application to the facts presented.

No claim is made in the printed points that one of the defendants conceded their liability, by not responding when it was stated that the stenographers held them responsible for the bill. It appears that the defendants had stated previously that one of Tweed's counsel had said that the money was coming at a certain time, and in the different conversations also stated that they expected money from Tweed with which the bill should be paid. Under the circumstances, as the defendants' denial of their liability must have been understood, I do not

think that a failure to respond to the remark referred to furnished sufficient evidence to make them responsible.

The defendants never admitted any liability, and there is no direct proof showing that they intended or expected to be responsible personally; and as the account is not of such a character as attorneys are primarily bound to pay, and there is no proof that the defendants actually employed the plaintiffs, or assented to their claim, a recovery would be based upon the merest conjecture, and upon loose inferences not fairly to be derived from the testimony, and could not be upheld. It follows that the judge at the trial committed no error in directing that the complaint be dismissed.

There was no error in excluding the testimony offered to show that at the time of the interview between one of the defendants and Mr. Underhill, Tweed had escaped from prison, was on his way to parts unknown, and that the newspapers contained the announcement of his escape. It was immaterial, took place some time after the services were performed, was only a statement in a newspaper report, and could have no bearing upon the case.

The evidence offered of previous dealings of the plaintiff's assignors with the defendants, when said assignors performed work on like retainers, furnished bills to the defendants and received from them payment for said bills, was properly excluded. What had been done on other occasions would not show what the contract was in reference to this transaction, and render the defendants liable for the plaintiff's claim in this case. The authorities cited do not sustain the competency of the evidence, and it was properly excluded

The judgment should be affirmed.

All concur, except ANDREWS and EARL, JJ., dissenting.

Judgment affirmed.