LICHTENHEIN v. FISHER.

(Supreme Court, Appellate Division, First Department.   June 5, 1896.)

1. EVIDENCE—RELEVANCY—RES INTER ALIOS ACTA.
   On an issue whether plaintiff was hired by the week or by the year, it was error to permit other employés to testify that they were hired by the year.

2. MASTER AND SERVANT—RENEWAL OF CONTRACT.
   The fact that an employé remained in the employment of his master after the expiration of the term of hiring, at the same wages, raises no presumption that he had been employed for another term.

Appeal from circuit court, New York county.

Action by Charles Lichtenhein against Charles E. Fisher on a contract of employment.   From a judgment entered upon a verdict

in favor of plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Charles D. Ridgway, for appellant.

John Sabine Smith, for respondent.

O'BRIEN, J. The facts and questions of law here involved are fully stated in the opinion upon the former appeal (87 Hun, 398, 34 N. Y. Supp. 304), and it is therefore unnecessary to restate them. The judgment here is assailed for errors claimed to have been made in rulings upon evidence and in the charge of the judge. Upon the part of the plaintiff the disputed questions as to whether the employment was by the week or year, and as to whether his contract was assumed by the defendant, were sought to be supported by declarations of Bliss, with whom the contract was originally made, and who subsequently entered into partnership with the defendant. The important issue was as to whether the plaintiff's was a weekly or a yearly hiring. To support his contention he was permitted, over objection, to introduce the evidence of other employés that they were employed by the year. In addition, the court was asked to charge the jury "that the fact that the plaintiff remained in the employment of Charles E. Bliss & Co. after June 1, 1892, at the same wages, raises no presumption that the firm had employed him to May 1, 1893," which request was refused. As these two rulings were likewise erroneous, the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.