(31 Misc. Rep. 259.)

## LIVINGSTON–MIDDLEDITCH CO. v. NEW YORK COLLEGE OF DENTISTRY.

(Supreme Court, Appellate Term. April 16, 1900.)

1. AGENCY—EVIDENCE—RES GESTÆ.

Where an attorney brings to plaintiff, to be printed, a manuscript purporting to be his argument as defendant's attorney in a lawsuit, he is presumed to be acting as agent, and not as principal; and, to show his authority to order the work as agent, admissions and declarations of an officer of defendant made to plaintiff's employé during progress of the work are admissible, as part of the res gestæ.

2. SAME—REBUTTING INFERENCE.

The plaintiff, having printed the argument of defendant's attorney in a lawsuit, manuscript for which was brought to plaintiff by the attorney, may rebut the inference that he extended credit therefor to the attorney, and not to defendant, arising from his having sent the bill directly to the attorney, by evidence explaining why he did so.

Appeal from city court of New York, general term.

Action by the Livingston-Middleditch Company against the New York College of Dentistry. From an order of the general term of the city court, and a judgment entered thereon (61 N. Y. Supp. 918), affirming a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Fletcher, McCutchen & Brown, for appellant.
F. F. Vanderveer, for respondent.

O'GORMAN, J. · Plaintiff, a printer, sued the defendant for a balance of $538.67 due for services rendered and materials furnished at its request through one Frank F. Vanderveer, its attorney. The performance of the work, its value, and nonpayment are not in dispute. A payment of $300 on account of the work had been made by defendant's check to the order of its attorney, who indorsed it over to the plaintiff. The only question litigated was whether the defendant or its attorney was liable for the balance due. The attorney urges that he alone is liable, but there was no distinct agreement that the plaintiff looked to him for payment. The work done

by the plaintiff consisted of certain printed matter, purporting to be an argument by defendant's said attorney in its behalf in opposition to a threatened revocation of its charter. At the close of plaintiff's case, the complaint was dismissed.

The manuscript furnished to the plaintiff by defendant's attorney apprised it of the relations existing between the defendant and its attorney. An attorney is the same as any other agent, and, as such, is not liable personally, when he keeps within the limits of his authority, and discloses the name of his principal. Bonynge v. Waterbury, 12 Hun, 534; Judson v. Gray, 11 N. Y. 408; Packard v. Stephani, 85 Hun, 199, 32 N. Y. Supp. 1016; 1 Am. & Eng. Enc. Law (2d Ed.) 405. He is then presumed to be acting as agent, and not as principal. The plaintiff, therefore, was justified in treating the defendant as its debtor, and, for the purpose of showing authority in defendant's attorney to order the work in question, endeavored to prove certain admissions and declarations made to plaintiff's employé during the progress of the work by one Weisse, an officer of the defendant. On defendant's objection, such evidence was excluded. This was error. The conversations between Weisse and the witness at the time in question constituted part of the res gestæ of the transaction in suit, and were competent. Printing Co. v. Coursey (Sup.) 10 N. Y. Supp. 497; Anderson v. Railroad Co., 54 N. Y. 340.

It appeared that bills for the work were sent by plaintiff to the defendant's said attorney. Plaintiff attempted to explain why this course was followed, but on objection this evidence was rejected. This was obvious error. The question to whom credit was given by the plaintiff was the vital one in the case, and, while the sending of bills to the attorney direct justified inferences favorable to the defendant, it was the privilege of the plaintiff to rebut these inferences by explaining that through courtesy, or from other motives, it was the usual custom to send bills to the attorneys of the parties.

Without considering the other errors assigned, the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.