struction which the law requires to be given to a penalty statute, and especially of a statute which is claimed to authorize cumulative penalties, we think that we are following the direction of the Court of Appeals when we declare that one penalty only is recoverable in the case at bar.

The judgment should, therefore, be affirmed, with costs. All concur; CHESTER and KELLOGG, JJ., in result.

---

### ARNOLD v. FARMERS' FIRE INS. ASS'N OF THE TOWNS OF GREENVILLE, ETC.

(Supreme Court, Appellate Division, Third Department. November 14, 1906.)

EVIDENCE—COMPETENCY—SIMILAR FACTS.

Plaintiff in a suit to reform a fire policy on her real estate and the personal property of her husband, but made out in the name of her husband, though giving evidence that defendant's agent made out the policy with knowledge of the several ownerships of plaintiff and her husband, may not give evidence that another applied to the same agent for a policy on real estate and personalty, and, after informing the agent that the real estate belonged to his wife and the personalty to himself, the policy was made out in the name of his wife alone; evidence of another mistake not being competent or material to prove the mistake claimed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 388, 414.]

Appeal from Special Term, Albany County.

Action by Harriet Arnold against the Farmers' Fire Insurance Association of. the Towns of Greenville and Durham, in Greene county, and Westerlo and Rensselaerville, in Albany county. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

The action is brought to reform a policy of insurance issued upon property belonging to the plaintiff and .for damages for the burning of said property. The policy was issued in the name of plaintiff's husband upon his application. The ground upon which it is sought to have the policy reformed is that the insurance agent was informed at the time of the giving of the policy that the property belonged to the plaintiff, and that the policy was written in the name of the husband either through inadvertence or fraud upon his part. Upon a fair charge by the court the jury has determined that the plaintiff's husband stated to the agent of the defendant, when applying for insurance, that his wife, this plaintiff, was the owner of the real estate. The Special Term adopted this finding and directed judgment for the plaintiff. From the judgment thus entered, this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

George L. Rifenburgh (J. Newton Fiero, of counsel), for appellant. Amasa J. Parker, Jr., for respondent.

SMITH, J. Plaintiff's principal contention upon the trial was that the policy in question was made out by Stevens, defendant's agent, in-the name of plaintiff's husband, with full knowledge that the personal property included therein belonged ·to the husband and the real estate to plaintiff. Knowledge of this fact was denied under oath by the defendant's agent. To prove her case plaintiff produced a witness,

Warner, who swore that he himself made application to this same agent for a policy of insurance upon some real estate and personal property, and, after having informed the agent that the real estate belonged to his wife and the personal property to himself, the policy was made out in the name of his wife alone. This evidence was objected to on the part of the defendant. The objection was overruled and exception was taken to the ruling of the court. This exception seems to us fatal to this judgment The plaintiff was required to establish. by clear and convincing proof that she was entitled to this reformation by reason of the fact that the policy was made out by the agent in her husband's name, with full knowledge of the fact that she herself was the owner. Upon this question the fact that the agent had made another mistake with another policy was neither competent nor material to the issue. Lichtenhein v. Fisher, 6 App. Div. 385, 39 N. Y. Supp. 553; Shaff v. Schlachetzky, 62 App. Div. 459, 70 N. Y. Supp. 1133; Bonynge v. Field, 81 N. Y. 159.

It cannot be held that this error was harmless. From it the plaintiff undoubtedly argued to the jury that an agent who would make one mistake would make another. The receipt thereof must have had an unwarranted influence upon their conclusion none too well supported by the evidence, in view of the requirement that the evidence, in order to authorize a reformation, must be clear and convincing.

Other questions are raised by the appellant which it is not necessary here to consider. The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.