(121 App. Div. 378.)

ARGUS CO. v. HOTCHKISS et al.

(Supreme Court, Appellate Division, Third Department. September 26, 1907.)

1. ATTORNEY AND CLIENT—LIABILITY FOR EXPENSES.

An attorney's negotiation for work to be done in a lawsuit is the act of an agent for a known principal, and for the expense thereof he does not become personally responsible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 38.]

2. SAME.

Whether or not at the time of making a contract by counsel for printing a case in a divorce suit he disclosed the nature of the cause and his interest therein, yet the case when sent to the printer is a fair notice that the suit is one for divorce and a purely personal action, in which counsel could only be interested as such.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 38.]

3. SAME.

The statement by counsel, in negotiating for the printing of a case, that "he was personally interested to have it done cheap and wanted to know what price," cannot be construed as a promise to pay therefor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 38.]

Chester and Cochrane, JJ., dissenting.

Appeal from Special Term, Albany County.

Action by the Argus Company against Henry D. Hotchkiss and another. From a judgment for plaintiff, and an order denying defendants a new trial, they appeal. Reversed, and new trial granted.

The action is brought to recover the charges for printing a case upon appeal in the action of Halsted v. Halsted, 106 N. Y. Supp. ——. The defendant Hotchkiss and William McMutrie Speer were both members of the constitutional convention which met in Albany in 1894. Speer was at that time the vice president of the plaintiff company. Both Hotchkiss and Speer were attorneys at law, although Speer was not at that time practicing the profession. In a conversation during the summer of 1894 Hotchkiss told Speer that he had a large case that was to be printed, and "that he was personally interested to have it done cheap and wanted to know what price." Other conversations followed about the size of the case and the price of the printing of it. It was agreed that the plaintiff company would print the case for 70 cents per page. Thereafter the case was sent to the Argus Company and was printed by them. The total cost of the printing amounted to $1,207. Of this $950 had been paid by the plaintiff in the case which was printed, to wit, Charles S. Halsted. The defendants were counsel, but not attorneys, for the defendant in the case of Halsted v. Halsted, which was an action for divorce. In the trial court the plaintiff recovered judgment for the balance of the bill remaining unpaid. From the judgment entered upon the verdict of the jury, and from an order denying the defendants' motion for a new trial, this appeal has been taken.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Richard B. Aldcroftt, Jr. (William S. Maddox, of counsel), for appellants.

Amasa J. Parker, Jr., for respondent.

SMITH, P. J.   It was recognized upon the trial of the action and is undoubted law that an attorney's negotiation for work to be done in a lawsuit is the act of an agent for a known principal, and for the expense of that service the agent does not become personally responsible.   Bonynge v. Field, 81 N. Y. 159; Judson v. Gray, 11 N. Y. 408–411; Covell v. Hart, 14 Hun, 252; Middledith Co. v. College of Dentistry, 31 Misc. Rep. 259, 64 N. Y. Supp. 140; Tyrrel v. Hammerstein, 33 Misc. Rep. 505, 67 N. Y. Supp. 717.   Whether or not at the time of the making of the contract for the printing of the case defendant Hotchkiss revealed to Mr. Speer the nature of the case and the nature of his interest therein, when the case was sent to the printer it was a fair notice that the action was one for divorce, a purely personal action, in which the defendants could only be interested as attorneys or counsel.   It was not a case involving property rights, in which the defendants might have a property interest which would make probable their entering into a personal obligation for the payment of these fees.   Mr. Speer must have known, as all lawyers know, that in this class of cases usually the husband provides for the expenses of the litigation on behalf of the wife.   In case of failure by the husband to pay the same, neither the attorney nor the counsel of the wife incurs any personal liability for the expenses of a lawsuit, unless by special contract.   The question is not only what, in fact, Mr. Speer understood from the conversation with Mr. Hotchkiss, but what inferences he had the natural right to draw therefrom, considering the fact, as it appeared to him when the copy was furnished him, that the action in which the papers were to be printed was purely a personal action between third parties for divorce.   The mere procurement of the printing of a case by counsel certainly does not

create personal liability. Nor can the statement by Hotchkiss of a. personal interest that the work be done cheaply be construed to be a special promise to pay a debt for which he would not otherwise be liable. I am unable to find any words which would import any intention on the part of Hotchkiss, and certainly not on the part of Maddox, to be personally liable for this debt. The judgment seems to me, therefore, wholly unsupported by the evidence, and, with the order, should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event.

SEWELL, J., concurs. KELLOGG, J., concurs in result. CHESTER and COCHRANE, JJ., dissent.