Heffernan, J.
Plaintiff is engaged in printing records and briefs on appeal. Defendant Badesch is an attorney at law and has been engaged in the practice of his profession for many years. Badesch was retained by defendant Reynolds who was the general counsel for Peerless Sugar Company, Inc., to prosecute an appeal on behalf of that defendant in the Appellate Division, of the Supreme Court, Second Department, from an unfavorable determination in the Supreme Court, Kings County.
The complaint alleges that in January, 1947, an agreement was entered into between the plaintiff and the defendant Badesch “ acting as the attorney and agent for and on behalf of the defendant Peerless Sugar Co., Inc., and George E. Reynolds ” to prosecute such appeal. Plaintiff was employed to prepare the record on appeal. The question here is whether defendant-appellant personally obligated himself to pay the printing bill. Plaintiff relies upon an oral agreement by which it claims such defendant-appellant made himself primarily liable. There is no such allegation in the complaint. In neither the bill of particulars furnished pursuant to the request of Reynolds nor in the statement of facts is any such claim made.
The record shows that plaintiff unsuccessfully attempted to obtain a written guaranty from defendant for the payment of *739 the obligation. Plaintiff’s proof disclosed that it established on the trial simply an oral guaranty on defendant’s part which is clearly void under subdivision 2 of section 31 of the Personal Property Law. The law is well settled that an attorney’s negotiations for work to be done in a law suit is the act of an agent for a known principal and for the expense of that service the agent does not become personally responsible. (Argus Co. v. Hotchkiss, 121 App. Div. 378.)
The general principle of agency, that a contract executed by an agent acting within the scope of his authority, on behalf of his principal, imposes no personal liability upon the agent unless credit is given expressly and exclusively to the agent, who intends to assume personal liability, is, generally speaking, applicable to contracts executed by attorneys on behalf of their clients. (5 Am. Jur., Attorneys at Law, § 149.)
It is quite obvious that plaintiff was unable to secure payment of its bill from the codefendants and its attempt to collect from Badesch is an afterthought.
The determination of the Appellate Term and the judgment of the Municipal Court should be reversed on the law and the facts, with costs to the defendant-appellant, and the complaint dismissed, with costs.
Peck, P. J., Glennon, Van Voorhis and Shxentag, JJ., concur.
Determination unanimously reversed, with costs to the appellant, the judgment of the Municipal Court reversed and judgment- is directed to be entered dismissing the complaint herein, with costs.