Douglas F. Young, J.
This is an action for payment for services performed by a legal stenographer dispatched from the office of the plaintiff, who operates a court reporting service, at the instance and request of the defendant, George Burgh, an attorney at law. Defendant Molly Gerber was not served and did not appear. The parties had known each other prior to the engagement in question and the plaintiff knew the defendant to be acting in his capacity as a lawyer when the request for the services was made. The defendant had been appointed attorney for the receiver in a sequestration proceeding and a record of the testimony in this proceeding was required.
In a similar case in another jurisdiction, the court, in its opinion pointed out that there are three types of controversies which arise frequently in these situations. The first is where the persons involved make a clear arrangement as to who is to be liable for payment. The second is where there is a disagreement as to what the intention of the parties was and whether the person ordering the service made any commitment to be personally liable, either by word or deed. This involves determinations of questions of fact. The third type of case occurs where, in ordering the transcript, “ nothing is said by either the attorney or the reporter regarding whom the reporter shall look to for payment. This is the difficult situation and the courts are not in agreement ”. (Monick v. Melnicoff, 144 A. 2d 381 [Municipal Ct. of App., District of Columbia]).
Here we have the third classification, or what is probably the most commonplace factual situation in dealings between attorneys and court stenographers.
The basic case in this area is Bonynge v. Field (81 N. Y. 159), in which it was held that the rule of the law of agency that an agent is not responsible for services ordered on behalf of his disclosed principal, applies to the case of an attorney who orders *964 stenographic services on behalf of his client. The 'Court of Appeals also held therein that it would not be permissible to introduce evidence of prior dealings between the parties to indicate 'an established and different course of conduct, as this would not control the liability in the specific case at hand. This case has been cited and followed in many later lower court decisions.
Those cases in which it was held that the attorney was liable may be distinguished on various grounds, either that the services were not rendered in a lawsuit or that the principal was undisclosed, or that the attorney specifically undertook to be liable. A number of the cases are digested in annotation in American Law Reports (100 A.L.R. 533).
In Batavia Times Pub. Co. v. Hall (129 Misc. 197), where the court found that there was an implied obligation of a lawyer to pay for printing used in taking an appeal, the court attempted to distinguish the Bonynge holding {supra) by stating that in the earlier case the attorneys had not employed the stenographer. It is true that in one place in the Bonynge opinion the court used the words, “ there is no proof that the defendants actually employed the plaintiffs ”. However, in two places in the opinion (pp. 161, 163), the court states, in effect, that there w’as no employment personally. From a reading of the entire case I am iof the opinion that this was the intended finding of the court and that the word “ personally ” is intended to mean “ on their personal credit ”.
In other decisions it is accepted as established law that the principle of the law of agency recited in the Bonynge case is established law in New York, and this rule has been adhered to even in cases where the attorney for a client involved in a divorce action told the printer he had a personal interest in having the printing work done cheaply (Argus Co. v. Hotchkiss, 121 App. Div. 378), and where it was claimed that the attorney had verbally guaranteed the payment of the printing bill (Loder Appeal Press v. Peerless Sugar Co. 277 App. Div. 737). As a caveat ,to stenographers who may plan to place reliance on oral guarantees of payment, it is desirable to add that in the Loder case just cited the court pointed out that a verbal guarantee to answer for the obligation of another is void under the Statute of Frauds.
In another instance where an appraiser had been appointed by the attorney for the administratrix of an estate it was held that although he had had no arrangement with the administratrix, the latter was liable for his fee and the attorney was not (Epstein v. Sichel, 107 N. Y. S. 2d 248).
*965 The plaintiff argues that by reason of the customs of the profession and the necessity of the situation, the attorney should be liable for payment of the stenographic services since the stenographer does not know the client with whom he is dealing and must necessarily accept the employment on the strength of the lawyer’s responsibility and, as a matter of fact, usually bills the lawyer and obtains payment from him. In opposition it is argued that it is recognized that lawyers do not intend to pay disbursements personally and they collect the charges for services rendered to their clients as a matter of practical convenience for all concerned, and, although they may advance sums for disbursements, they are not permitted to pay disbursements for their clients.
On balance, the argument on behalf of the plaintiff would seem to have more equity since the stenographer is placed in a different position if he is relegated to a claim against a third person whom he does not know and may not be able to locate conveniently. This point of view has been adopted in some other jurisdictions where it is held that an attorney is liable for services unless there is a specific agreement that the stenographer shall look solely to the client (Judd & Detweiler, Inc. v. Gittings, 43 D. C. App. 304; Monick v. Melnicoff, supra).
Nevertheless, it appears clear that Bonynge v. Field (supra) is the ruling case in this State and we are constrained to follow it. Judgment is rendered for the defendant.