Per Curiam.
The appellant, a law printer, was retained by counsel for the attorney of record for the respondents executors to print the record for an appeal prosecuted by them from a judgment in a negligence action. The decedent, and his executors by substitution in the negligence action, were insured and the insurance company, now insolvent, managed the litigation, retained the attorneys, and without consultation with the executors directed the appeal be taken. But the record shows that the interest of the insurance company was not disclosed to the printer and the attorneys did not personally undertake to assume responsibility for the printing.
The printer was entitled to rely on the presumption of authority of an attorney appearing of record for a party to order printing for an appeal. It is settled under the rules of agency that the party of record in the action in which the printing is furnished is a disclosed principal and the attorney an agent for such a principal.
The printer is entitled, therefore, to look to the party of record to pay for printing the record on his appeal. This is the general *531 rule (Judson v. Gray, 11 N. Y. 408, 411 [a referee’s fees]; Bonynge v. Field, 81 N. Y. 159 [stenographic fees]) and it has been specifically applied to printing for the purpose of appeal (Reporter Co. v. Murphy, 283 App. Div. 1133; Loder Appeal Press v. Peerless Sugar Co., 277 App. Div. 737; Argus Co. v. Hotchkiss, 121 App. Div. 378).
The order should be reversed, without costs; the objection of appellant to the account of the executors sustained and the case remitted to the Surrogate of Kings County for further proceedings in accordance with this opinion.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order reversed, without costs, and matter remitted to the Surrogate’s Court, Kings County, for further proceedings in accordance with the opinion herein.