OPINION OF THE COURT
David B. Saxe, J.
Is an attorney who orders “daily copy” of court proceedings from a court reporter, for use in the. preparation of his summation, individually responsible for the payment of the cost of transcription?
The facts in this consolidated proceeding are simple: In March of 1983, defendant Robson, Miller & Osserman (RMO) was trial counsel to defendant R. T. Systems, Inc., in an action pending in the Supreme Court, New York County. During the trial, on separate occasions, an attorney from RMO requested that the claimants provide transcript services. The court reporters did so, providing daily copy of the proceeding to facilitate the preparation of the summation by RMO’s trial counsel.
The trial resulted in a verdict for the plaintiff in the sum of $210,000. The defendant in that case thereafter filed a bankruptcy petition. The claimants here, acknowledging the impossibility of recovering their bills from the corporate client, have now- sued the attorneys who placed the order for the minutes.
RMO relies on the proposition of law that where the fact of an agency and the identity of the principal are disclosed at the time a contract is made, the agent will be exonerated from any liability to a person or an entity contracting with *412 him (3 NY Jur 2d, Agency & Independent Contractors, § 314). RMO contends that when they ordered the copy from the respective reporters, they were clearly acting as agents for a disclosed principal, viz., their client, R. T. Systems, Inc. And, since a contract made by an agent on behalf of a disclosed principal imposes no liability on the agent, judgment should be entered in their favor, they say.
RMO’s legal position is sound. In Bonynge v Field (81 NY 159), it was held that in the absence of a special agreement imposing personal liability, an attorney for one of the parties to an action is not personally responsible for the services of a stenographer. The court noted that the testimony did not establish any positive agreement to pay the stenographers for their services, or any distinct employment by the defendants personally (supra, p 161). And in another authoritative case, Matter of May (27 NY2d 529, 530), the court said:
“It is settled under the rules of agency that the party of record in the action in which the printing is furnished is a disclosed principal and the attorney an agent for such a principal.
“The printer is entitled, therefore, to look to the party of record to pay for printing the record on his appeal. This is the general rule (Judson v. Gray, 11 N. Y. 408, 411 [a referee’s fees]; Bonynge v. Field, 81 N. Y. 159 [stenographic fees]) and it has been specifically applied to printing for the purpose of appeal”.
By virtue of its representation of R. T. Systems, Inc., in a court proceeding, I hold that the specific agency relationship was disclosed to the reporters. Under the test laid out in Bonynge v Field (supra, p 163), there is no proof that RMO “intended” or “expected” to be responsible personally.
The reporters seem also to be articulating a more novel contention — that since their services (providing daily copy) were of a distinct personal benefit to the attorney involved, in the preparation of a summation, that liability therefore rests with counsel. That a transcription of minutes for purposes of facilitating summation is not a requirement of trial does not alter the fact that the client was obviously enjoying the benefit of a more cogent closing. *413 Further, regardless of any personal benefit derived through the use of daily copy, the attorney was still acting for and on behalf of a disclosed principal. I hold therefore that although daily copy of minutes was a definite aid to counsel and not a necessity of trial advocacy (such as transcripts of EBTs or transcripts of records for appeal purposes), this does not mean that counsel should be deemed to have intended or expected to assume responsibility for its cost.
Therefore judgment should be entered in favor of the defendant, without costs.