*100 OPINION OF THE COURT
Per Curiam.
Judgment dated September 30,1996 affirmed, with $25 costs.
Under the authority of Urban Ct. Reporting v Davis (158 AD2d 401, 402 [1st Dept]), “an attorney who, on his client’s behalf, obtains goods or services in connection with litigation should be held personally liable unless the attorney expressly disclaims such responsibility”. No such disclaimer was proven in this case (see, S&S Reporting Co. v Grossman, NYLJ, Sept. 18, 1995, at 27, col 2 [App Term, 1st Dept]). Indeed, in his deposition testimony read into evidence, defendant attorney acknowledged his responsibility for the appellate printing and reproduction services in issue. In such circumstances, defendant attorney was liable to plaintiff for these unpaid services.
As to defendant’s claim that the oral contract lacks definiteness as to price, “a price term is not necessarily indefinite because the agreement fails to specify a dollar figure, or leaves fixing the amount for the future, or contains no computational formula” (Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 483, cert denied 498 US 816; see generally, 22 NY Jur 2d, Contracts, §§ 20, 22). Rather, “a price term may be sufficiently definite if the amount can be determined objectively without the need for new expressions by the parties,” such as by reference to an “extrinsic event, commercial practice or trade usage” (Cobble Hill Nursing Home v Henry & Warren Corp., supra, at 483). In this case, the record furnishes a sufficient basis from which to determine a price term based upon the prior course of dealing between the parties for appellate printing/reproduction services which were billed at the same rates.
Parness, J. P., McCooe and Freedman, JJ., concur.