OPINION OF THE COURT
Andrew K. Brotmann, J.
BACKGROUND FACTS
In an action to recover fees for stenographic services rendered, defendant moves pursuant to CPLR 3212 for an or *492 der granting summary judgment dismissing the complaint. Plaintiff cross-moves pursuant to CPLR 3212 for an order granting summary judgment against the defendant in the sum of $1,244.25.
It is uncontroverted that defendant retained plaintiff to provide stenographic services in connection with two unrelated matters; further, that plaintiff rendered the requested services, furnished to defendant both original and copies of transcripts and, thereafter, delivered to defendant invoices reflecting the services provided and corresponding charges for same. Defendant has tendered several payments, leaving a balance due on the invoices in the sum of $1,244.25. Finally, there does not appear to be any question as to the balance due as this amount has not been challenged by defendant.
BURDEN OF PROOF
It is well settled that a proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issue(s) of fact from the case. (Cox v Kingsboro Med. Group, 88 NY2d 904 [1996]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Zuckerman v City of New York, 49 NY2d 557 [1980]; Amedure v Standard Furniture Co., 125 AD2d 170 [3d Dept 1987].)
Once the proponent has established its prima facie case for summary judgment, the nonmoving party must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact. (Winters v Menowitz, 226 AD2d 451 [2d Dept 1996]; Zuckerman v City of New York, 49 NY2d 557, supra.) It is issue finding, as opposed to issue determination, which is the key to summary judgment and papers must be scrutinized carefully in a light most favorable to the nonmoving party. (Ptasznik v Schultz, 223 AD2d 695 [2d Dept 1996].)
DISCUSSION
In support of its motion, defendant relies, in part, upon Bonynge v Field (81 NY 159 [1880]) which, applying the principal-agent rule, discharged attorneys of liability for stenographic services retained on behalf of a client in the absence of an expressed undertaking to assume such responsibility. (See also, Adler v Robson, Miller & Osserman, 121 Misc 2d 411 [Civ Ct, NY County 1983]; Rayvid v Burgh, 37 Misc 2d 963 [Nassau Dist Ct 1962]; Rosenberg, Selsman, Rosensweig & Co. v Slutsker, NYLJ, Nov. 26, 1996, at 26, col 6 [Civ Ct, NY County]; *493 Reach v Balaban, NYLJ, May 6, 1994, at 33, col 3 [Civ Ct, Richmond County]; Fairway Abstract Corp. v Pena, NYLJ, June 12, 1991, at 25, col 5 [Civ Ct, Queens County].)
Defendant further cites Urban Ct. Reporting v Davis (158 AD2d 401 [1st Dept 1990]) to support the proposition that Bonynge (supra) is still the law of this State since “[t]he law is clear that where the attorney of record contracts for stenographic services as the agent of his client and the fact of his agency is known to the party with whom he contracts, the attorney cannot be held responsible for the services in the absence of an undertaking to assume such responsibility.”
Recent decisions, however, have clearly been moving away from the Bonynge holding (supra). In Orsenberg Selsman Rosenzweig & Co. v Slutsker (NYLJ, Mar. 3, 1999, at 26, col 1 [App Term, 1st Dept]) the court held that “ ‘an attorney who, on his client’s behalf, obtains goods or services in connection with litigation should be held personally liable unless the attorney expressly disclaims such responsibility’ ” (citing Urban Ct. Reporting v Davis, 158 AD2d 401, 402 [1st Dept 1990], supra; see also, St. Louis & Westervelt v Giulini, 176 Misc 2d 99 [App Term, 1st Dept 1998]; Hankin v Hamernick, NYLJ, Nov. 12, 1991, at 35, col 2 [Civ Ct, Kings County]). “This view takes into account modern litigation practices, under which the attorney orchestrates and manages the litigation and the reporting service looks to the attorney for direction as well as payment” (Urban Ct. Reporting v Davis, supra, at 402).
In Beizer v Goldberg (NYLJ, June 10, 1988, at 28, col 2), although the court adhered to the rule of Bonynge v Field (supra), it criticized the prevailing rule as anachronistic. “It is both illogical and unnecessary to compel the reporter to proceed against a client he or she has not dealt with, probably never saw and, undoubtedly, would have difficulty locating”[1] and, we *494 add, whose credit standing is probably unknown.[2] (Supra, at 28, col 4.) “This burden may more conveniently and appropriately be placed upon the attorney.” (Beizer v Goldberg, NYLJ, June 10, 1988, at 28, col 4.) Clearly, it would be unduly burdensome, and therefore would not constitute substantial justice, to require a reporter to go to such lengths to recover an amount which, more often than not, would not exceed the jurisdictional limit of a small claims court.
DECISION
It does not appear from a review of the motion papers that there are any questions of fact. “We discern no issue of fact as to defendant’s responsibility for these litigation costs under the rule set forth in Urban Court Reporting v. Davis” (Orsenberg Selsman Rosenzweig & Co. v Slutsker, supra). The issues to be decided are purely issues of law and, thus, this matter is appropriate for a summary judgment motion.
The decision therefore hinges on whether the rule of Bonynge (supra) or the rule of Urban Ct. Reporting (supra) is controlling. Both the Urban Ct. Reporting and Beizer courts considered, discussed and even applied the Bonynge ruling but did so while noting that the ruling is not in accordance with modern litigation practices. The Orsenberg court clearly broke from the Bonynge rule and applied the Urban Ct. Reporting rule. It is the position of this court that modern litigation practices cannot be ignored and, in that light, we find that the rule espoused in Urban Ct. Reporting is, and should be, the controlling law in this jurisdiction. “Adoption of this rule [does] not absolve the client of liability since payment for litigation costs [may] ultimately [be] the responsibility of the client.” (Urban Ct. Reporting v Davis, supra, at 402.)
Accordingly, defendant’s motion for summary judgment is denied and plaintiffs cross motion for summary judgment is granted.

. We note, parenthetically, that the stenographer’s ability to proceed directly against the client may be complicated by the fact that although by virtue of preparing transcript, the identity of the attorney’s client was disclosed to the reporter, the attorney may not be permitted to divulge any further information about the client since to do so might violate attorney-client confidentiality. Additionally, the client may not be subject to the jurisdiction of a court convenient to, or even in the same State as, the reporter. The issue of corporate clients raises an additional set of problems a reporter would face in proceeding directly against a client.

. This point is of particular concern where, for example, in a personal injury action, an attorney’s retainer agreement with the injured party absolves the injured party of all costs and fees unless there is a recovery.