[921 NYS2d 329]

ELISA DREIER REPORTING CORP., Doing Business as FIRST RE-PORTING CORP., Appellant, v GLOBAL NAPs NETWORKS, INC., et al., Respondents.

Second Department, April 26, 2011

**APPEARANCES OF COUNSEL**

*The Roth Law Firm, PLLC*, New York City (*Richard A. Roth* of counsel), for appellant.

**OPINION OF THE COURT**

AUSTIN, J.

On this appeal, we are asked to determine whether a court reporting agency may recover payment for services rendered directly from the client instead of being limited to pursuing the attorney who, as the client's agent, engaged the agency. For the reasons set forth below, we hold that although a court reporting agency may obtain payment for services rendered directly from the attorney who engaged it, a court reporting agency is not precluded from recovering those fees directly from the client.

## A. Background

The plaintiff, Elisa Dreier Reporting Corp., doing business as First Reporting Corp., was hired by Dreier LLP, then-counsel for the defendants, Global NAPs Networks, Inc., and Global NAPs, Inc., to provide reporting services during a series of depositions taken in connection with an action brought by the defendants against Verizon New England. The depositions were taken during the time period of August through December 2008.

Prior to paying the plaintiff for its reporting services, Dreier LLP filed for bankruptcy and was dissolved. It is undisputed that the plaintiff never received payment for the reporting services it rendered.

When the plaintiff contacted the defendants for payment, the defendants refused to pay, alleging that Dreier LLP was responsible for paying the plaintiff. The defendants had engaged Dreier LLP to represent them in several different lawsuits, including an action entitled *Global NAPS v Verizon New England*. A letter of engagement executed by the defendants set forth the terms of their relationship with Dreier LLP. According to the letter of engagement, costs relating to transcript charges would be billed to the defendants. The arrangement between Dreier LLP and the defendants also provided, that, starting February 2008, the defendants would pay Dreier LLP the sum of $100,000 per month to be applied towards outstanding invoices. Any excess would be retained by Dreier LLP to be applied towards future invoices.

Pursuant to this engagement agreement, the defendants alleged that Dreier LLP, was responsible for paying the plaintiff, since any payments owed to the plaintiff were or should have been paid from the $100,000 monthly payments received by Dreier LLP from the defendants. As a result of the defendants' refusal to pay, the plaintiff commenced this action against them

seeking to recover the sum of $41,393.81 for unpaid reporting services.

The defendants moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (7). The Supreme Court, in effect, granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7). The court held that Dreier LLP, as the attorney who hired the plaintiff, was responsible for paying the plaintiff's fees, and not the defendants, on the basis that there was no contractual relationship between the plaintiff and the defendants. The plaintiff appeals.

We reverse and find that the plaintiff has sufficiently stated a cause of action to recover damages for breach of contract.

## B. The Law Prior to General Business Law § 399-cc

Prior to the enactment of General Business Law § 399-cc in 2005, the circumstances under which an attorney would be responsible for paying court reporter costs was resolved differently in the First and Second Departments.

Initially, the prevailing rule in New York was that, absent an agreement providing otherwise, an attorney could not be held personally liable for the services of a court reporter (*see Bonynge v Field*, 81 NY 159 [1880]). This rule developed out of the traditional agency concept that an agent could not be held responsible for services it ordered on behalf of its principal when that relationship was disclosed (*see Matter of May*, 27 NY2d 529, 530 [1970]; *Bonynge v Field*, 81 NY at 160; *Urban Ct. Reporting v Davis*, 158 AD2d 401, 401 [1990]).

Following this precedent, this Court held that "an attorney is only an agent for his or her client, and thus is not responsible for the court reporter's fee, unless the attorney assumed that responsibility" (*Sullivan v Greene & Zinner*, 283 AD2d 420, 420 [2001], citing *Bonynge v Field*, 81 NY 159 [1880]; *see Mantell v Samuelson*, 4 Misc 3d 134[A], 2004 NY Slip Op 50765[U], *1 [App Term, 9th & 10th Jud Dists 2004]; *Beizer v Golub*, 2003 NY Slip Op 50907[U], *1 [App Term, 2d & 11th Jud Dists 2003]; *Rizzo v Matturro*, 2002 NY Slip Op 40549[U], *1 [App Term, 2d & 11th Jud Dists 2002]; *Appeal Press & Serv. Co., Inc. v Denby*, 2001 NY Slip Op 40664[U], *1 [App Term, 9th & 10th Jud Dists 2001]).

In 1990, in *Urban Ct. Reporting v Davis* (158 AD2d 401 [1990]), the First Department departed from this line of reasoning, stating that "contrary authority notwithstanding,"

"we think an attorney who, on his client's behalf, obtains goods or services in connection with litigation should be held personally liable unless the attorney expressly disclaims such responsibility . . . [as] [i]t seems to us to be more equitable to hold the attorney liable in the absence of his express indication to the contrary, since the attorney may avoid liability by the simple expedient of indicating to the reporting service or other provider of services that the client and not the attorney is liable for the obligations incurred" (*id.* at 402 [citations omitted]).

Moreover, the First Department opined that "[t]his view takes into account modern litigation practices, under which the attorney orchestrates and manages the litigation and the reporting service looks to the attorney for direction as well as payment" (*id.*). Nevertheless, the First Department found it significant to state that the "[a]doption of this rule would not absolve the client of liability since payment for litigation costs is ultimately the responsibility of the client" (*id.*).

Thus, before the enactment of General Business Law § 399-cc, the rule in the First Department was that an attorney would be liable to pay court reporter costs unless the attorney expressly *disclaimed* responsibility. Conversely, the rule in the Second Department was that the attorney was liable to pay such costs only if the attorney *assumed* responsibility therefor.

## C. Post Enactment of General Business Law § 399-cc

Effective November 15, 2005, General Business Law § 399-cc was enacted, adopting the rule as set forth in the First Department's line of cases.

General Business Law § 399-cc states that an attorney who engages a reporting service to transcribe a deposition will be responsible to pay for those services except where payment for those services is provided by law, the attorney is providing representation through a not-for-profit provider, or the attorney expressly disclaims responsibility in writing at the time the attorney orders such services (*see* General Business Law § 399-cc).

The legislative intent of the statute was to protect court reporters in the event they are unable to recover payment for their services (*see* Senate Introducer Mem in Support, Bill Jacket, L 2005, ch 678, at 2). "Although most attorneys see that stenographers are paid for the professional services that are

provided at the request of such attorneys, there have been instances where an attorney refuses to pay the stenographer and seeks to transfer the responsibility to a client the stenographer has never dealt with and in some instances may have no knowledge of the services being provided" (*id.*). Since the attorney is often in the best position to pay the court reporter, the statute places the burden on the attorney to pay court reporter costs given that "it is both illogical and unnecessary to compel a reporter (stenographer) to proceed against a client he or she has not dealt with, probably never saw and, undoubtedly, would have difficulty locating" (*id.*, quoting *Beizer v Goldberg*, NYLJ, June 10, 1988, at 28, cols 2, 4 [Goldstein, J.]). Although the statute holds the attorney presumptively liable for paying the costs of court reporting services, it does not abrogate the client's obligation to pay for the services rendered on its behalf.

## D. Discussion

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must determine whether, accepting the facts alleged in the complaint as true and according the plaintiff the benefit of every possible inference, the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]).

The Supreme Court failed to consider the intent of the legislature in enacting General Business Law § 399-cc, which was to assist court reporters in obtaining payment, when it dismissed the complaint. Despite the fact that General Business Law § 399-cc holds an attorney responsible to pay for the reporting services he or she orders, there is nothing in the statute which would bar the plaintiff from seeking recovery for its fees directly from the attorney's client such as the defendants herein.

As stated in *Urban Ct. Reporting v Davis*, one of the cases upon which the legislature relied in its enactment of General Business Law § 399-cc, "[a]doption of this rule [does] not absolve the client of liability since payment for litigation costs is ultimately the responsibility of the client" (158 AD2d at 402). Accordingly, General Business Law § 399-cc does not limit the plaintiff's ability to recover its fees from the attorney or the attorney's client, nor does it absolve either the attorney or the client of their responsibility to pay the court reporter's bill.

The statute holds the attorney presumptively liable to pay the costs of reporting services given that, in modern practice, it is

often the attorney rather than the client who "orchestrates and manages the litigation," and communicates with the court reporting agency (*Urban Ct. Reporting v Davis*, 158 AD2d at 402; *see also* Senate Introducer Mem in Support, Bill Jacket, L 2005, ch 678). For this reason, the statute placed the burden on the attorney out of "appropriate[ness]" and "convenien[ce]," and was not intended to prevent the court reporting agency from obtaining payment should the law firm that ordered its services cease to do business (Senate Introducer Mem in Support, Bill Jacket, L 2005, ch 678, at 2).

Here, the plaintiff contended that it was not a party to the defendants' engagement letter with Dreier LLP and should not be bound thereby. The plaintiff maintained that the defendants are responsible for paying its fees related to services obtained by Dreier LLP on their behalf, inasmuch as General Business Law § 399-cc was never intended to allow a client, such as the defendants, to evade responsibility for paying the reporter and that the ultimate responsibility for the reporting fees lies with the client.

The defendants, in response, relied upon the Dreier LLP engagement letter and the payments they made thereunder. Thus, they contended that any payments owed to the plaintiff were or should have been paid from the monthly payments received by Dreier LLP from the defendants.

Given that the plaintiff sufficiently stated a cause of action to recover damages for breach of contract by alleging all of the essential elements: to wit, the existence of a contract, the plaintiff's performance pursuant to that contract, the defendants' breach of their obligations pursuant to the contract, and damages resulting from that breach (*see JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802 [2010]; *Furia v Furia*, 116 AD2d 694 [1986]), and General Business Law § 399-cc does not prohibit the plaintiff from seeking its fee directly from the defendants as the clients, it was improper for the Supreme Court to have, in effect, granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144 [2002]; *Guggenheimer v Ginzburg*, 43 NY2d 268 [1977]).

Accordingly, the order is reversed, on the law, and that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) is denied.

DILLON, J.P., DICKERSON and HALL, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) is denied.