OPINION OF THE COURT
Memorandum.
Ordered that the judgment is affirmed, without costs.
In this commercial claims action, plaintiff AGS Investigative Services, Inc. seeks to recover the principal sum of $4,336.30 for private investigation services it performed on behalf of defendant at the request of defendant’s former attorney during the time when defendant was represented by that attorney. At a nonjury trial, plaintiffs owner, Kevin O’Sullivan, testified that he and defendant had both attended a meeting at the office of defendant’s former attorney, following which defendant had signed a contract pursuant to which he agreed to pay for any investigative services “that were performed or needed as per his attorney,” and that plaintiff had thereafter performed investigative work on defendant’s behalf, for which it seeks payment. Defendant denied having signed an agreement to pay plaintiff for its services and argued that, because he was not in privity with plaintiff, he had no obligation to pay it. Defendant testified that it was his understanding that, as a result of his settlement with his former attorney, that attorney was supposed to pay any outstanding disbursements which he had incurred on behalf of defendant out of the retainer defendant had paid to him. Following trial, the Civil Court awarded judgment to plaintiff in the principal sum of $4,336.30.
On appeal, defendant continues to argue that because the parties to this litigation were not in privity, he is not responsible for paying plaintiffs invoices. He also, in effect, argues that he should not be held responsible for paying plaintiffs bills until his former attorney has accounted to him for his retainer payment.
The evidence showed that, at the behest of defendant’s attorney and with defendant’s consent, plaintiff performed investigative services for defendant. Defendant was thus a disclosed principal of his former attorney, who acted as defendant’s agent. “An attorney who is representing a client and who incurs litigation expenses with third parties . . . acts as an agent for a disclosed principal and is not personally liable for contracts made on behalf of the client unless the attorney assumed responsibility.” (Yellon v Sirlin, 27 Misc 3d 129[A], 2010 *66 NY Slip Op 50600[U], *2 [App Term, 9th & 10th Jud Dists 2010]; see also Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc., 84 AD3d 122 [2011]; Sullivan v Greene & Zinner, 283 AD2d 420 [2001].) The corollary to this proposition is that a client, as principal, is liable on contracts entered into on his or her behalf by an attorney acting as the client’s authorized agent (see 2A NY Jur 2d, Agency and Independent Contractors § 291; see also Plymouth Rock Fuel Corp. v Leucadia, Inc., 100 AD2d 842 [1984]). Thus, in this case, the Civil Court properly concluded that defendant was obligated to pay plaintiff for the investigative services plaintiff had rendered on behalf of defendant at the request of defendant’s attorney, whether or not defendant had expressly agreed to such request for services.
While defendant testified that, under a separate agreement he had with his former attorney, the former attorney had agreed to pay plaintiff for the investigative services it had provided on defendant’s behalf, that agreement did not relieve defendant of his primary obligation to plaintiff. We note that defendant failed to prove that the debt had actually been paid {see 83 NY Jur 2d, Payment and Tender § 152). Accordingly, as substantial justice has been rendered between the parties {see CCA 1807-A), the judgment is affirmed.
Weston, J.P., Pesos and Aliotta, JJ., concur.