OPINION OF THE COURT
Eddie J. McShan, J.
After an inquest being held in this matter on November 4, 2013, this court hereby finds and decides that:
Plaintiff, Duette Speare, failed to present sufficient proof that she is entitled to recover from the defendant, Nadia D Johnson, the sums sought in the complaint. Plaintiff presented uncontested testimony that the parties are “partners” with 15 other people in a “partnership.” She indicated that she is the “banker” for the partnership. She stated that each partner contributes $200 per week to the partnership, and each partner receives the entire savings collected during the rotation. Plaintiff asserted on this record that the defendant failed to pay her $200 contribution to the partnership for the week of March 9, 2013. She also asserted that the defendant collected $100 from one of the partners and never turned the money over to her as the banker. Plaintiff stated that she made several demands for the monies and that the defendant refuses to pay.
The “partnership” the plaintiff described has many names depending on a variety of cultures and is commonly known as a susu, or sou-sou. The “partnership” is a system of group savings in a rotating savings club that consists of participants who pay a coordinator (the banker or treasurer) a specific amount at regularly scheduled intervals. (Diggs, NY City Conflicts of Interest Bd Case No. 2010-335, 17 City L 85 [Dec. 15, 2010]; NY City Conflicts of Interest Bd Advisory Op 2004-02 [Nov. 22, 2004].) The coordinator then disburses the entire amount collected to one participant. A different participant receives the entire amount each time until every participant has received a disbursement and then a new cycle may begin. (NY City Conflicts of Interest Bd Advisory Op 2004-02 [Nov. 22, 2004].) The sou-sou or “partnership” is a group of people, usually family and friends, who come together and make regular weekly, biweekly or monthly monetary contributions to a common fund, which is disbursed as a lump sum to one partner on a certain *884 date. Interest is not paid on the monies collected during the rotations and each partner/member will eventually receive from the rotating savings club the amount he or she contributed. (Sasha Abramsky, New Yorkers & Co.; Newcomers Savings and Loan, NY Times, Oct. 22, 2000.) None of the “partners” gains or loses more than he or she puts in if run correctly. (Id.; Heather Appel, Ethnic Savings Clubs Just the Ticket: When Banks or Credit Cards Won’t Do, Herald News, July 17, 2008.)
The “partnership” only works if each “partner” makes his or her scheduled payments and it is the “banker’s” responsibility to make sure each person makes the periodic payments. (Edirin Oputu, In Savings Pools, Every Little Bit Helps, Global City NYC, Dec. 6, 2012, http://globalcitynyc.com/2012/12/06/insavings-pools-every-little-bit-helps/.) The “banker” is expected to reimburse the “partnership” for any losses out of her own pocket. (Id.; Marlie Hall, ‘Sou-Sou’: Black Immigrants Bring Savings Club Stateside, The Grio, MSNBC, May 20, 2011, http:// thegrio.com/2011/05/20/sou-sou-black-immigrants-bring-savingsclub-stateside/.) Some suggest that there is no legal penalty if a “partner” fails to make regular contributions, and that “partner” only faces sanctions by the way of ostracism from the community. (Sasha Abramsky, New Yorkers & Co.; Newcomers Savings and Loan, NY Times, Oct. 22, 2000.) A spokesman for the Attorney General’s Office for the State of New Jersey indicated that there is no rule prohibiting the practice, but noted that there is little protection in the event that someone is taken advantage of. (Heather Appel, Ethnic Savings Clubs Just the Ticket: When Banks or Credit Cards Won’t Do, Herald News, July 17, 2008.)
In the instant matter, plaintiff seeks to recover damages for the defendant’s breach of the “partnership” agreement. This court found very little authority on whether a “partner” in the “partnership” described above has a legal remedy against a “partner” that fails to perform as agreed. This court finds that the plaintiff does have standing to pursue this claim as the “banker” of the “partnership” because she may be responsible for paying the defendant’s share that was not paid to the “partnership” or savings club. (Marlie Hall, ‘Sou-Sou’: Black Immigrants Bring Savings Club Stateside, The Grio, MSNBC, May 20, 2011, http://thegrio.com/2011/05/20/sou-sou-blackimmigrants-bring-savings-club-stateside/.) The court also finds that the plaintiff has an interest in this matter that the law will recognize as a sufficient predicate for determining the issue at *885 her request. (See e.g. Caprer v Nussbaum, 36 AD3d 176 [2d Dept 2006].)
The plaintiff’s testimony established that the parties entered into an agreement for the informal rotating savings club that required the defendant to pay $200 per week to the plaintiff as the “banker.” Each contributing “partner,” including the defendant, would receive the benefit of a lump-sum payment at some time during the rotation. There is nothing on this record to suggest that the defendant did not have the legal capacity to contract, and plaintiff’s uncontested testimony established the parties’ mutual assent to the terms of the contract as well as the consideration of the plaintiff regularly collecting the payments from each “partner,” each “partner’s” obligation to make the weekly payments, and each “partner’s” entitlement to receive a lump-sum payment at a future date. Plaintiffs uncontested testimony established all of the essential elements necessary for a binding contract between the parties. (See e.g. Kowalchuk v Stroup, 61 AD3d 118 [1st Dept 2009].)
Nevertheless, the court finds on this record that plaintiff failed to establish that she is entitled to a legal remedy. To establish a breach of an agreement, the plaintiff must demonstrate the formation of a contract with the defendant, performance by the plaintiff, and the defendant’s failure to perform, which resulted in damages. (See e.g. Furia v Furia, 116 AD2d 694 [2d Dept 1986]; Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc., 84 AD3d 122 [2d Dept 2011].) As noted herein-above, the plaintiff established the formation of the contract with the defendant. Plaintiff also established that she collected the monies from the “partners” as agreed and that the defendant failed to perform for the week of March 9, 2013. However, plaintiff failed to establish that as the “banker,” she actually paid the defendant’s “hand” of $200 and an additional $100 as part of the other “partner’s” “hand” collected by the defendant. The plaintiff failed to prove that defendant’s failure to perform resulted in actual damage to the plaintiff. Moreover, the plaintiff did not establish that the defendant took from the “partnership” more than she put in. As noted hereinabove, each member of the “partnership” will receive the exact amount that he or she contributed. The plaintiff did not provide any testimony or other evidence to indicate that the defendant received her “hand” and received more than she contributed. Accordingly, it appears on this record that the only sanction the defendant faces is ostracism from the other “partners” and the sou-sou community.
*886 In light of the court’s findings hereinabove, it is hereby ordered and adjudged that the plaintiff failed to establish her cause of action for breach of an agreement. Accordingly, the Clerk shall dismiss this matter in its entirety.